## EX PARTE COLQUITT RICHARDS.

### No. 11793.   Delivered April 4, 1928.

#### 1.—Habeas Corpus—Commitment—For Contempt—Judgment Insufficient.

Where, on a commitment for contempt for refusing to answer questions propounded to a witness by the grand jury, neither the judgment of commitment, nor the evidence adduced upon the hearing shows that the court had jurisdiction to enter the order committing the relator, and the record is void of facts showing that the inquiry directed to the appellant was a proper question, and also fails to show whether the grand jury was investigating any offense within its jurisdiction, and the refusal to answer is not shown, such judgment is insufficient.

#### 2.—Same—Continued.

Art. 387, C. C. P. of 1925, provides that a witness who refuses to testify when brought before a grand jury may be compelled to testify by being committed to jail until willing to testify.

#### 3.—Same—Continued.

The jurisdiction of the court to enter an order for contempt in such case rests upon the refusal of the accused to answer a proper question propounded in the investigation by the grand jury of some criminal matter within the scope of its authority.   See Ex Parte Jennings, 91 Tex. Crim. Rep. 612, and Ex Parte Miller, 91 Tex. Crim. Rep. 661.

#### 4.—Same—Continued.

If the question propounded is not a proper question then the court is without jurisdiction to enter a judgment of contempt against the witness. See Holman v. State, 34 Tex. Crim. Rep. 673, and other cases cited.

Appeal from the District Court of Nacogdoches County.   Tried below before the Hon. C. A. Hodges, Judge.

Appeal from an order of the District Judge from a contempt judgment upon a habeas corpus hearing.   Relator discharged.

The opinion states the case.

*Adams & McAlister* of Nacogdoches, for relator.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—This is an appeal from an order of the District Judge refusing to release the appellant from a contempt judgment upon a habeas corpus hearing.   The judgment is in the following language:

"On this, the 2nd day of March, A. D. 1928, it appearing to the court that Colquitt Richards had refused to answer questions propounded to him by the grand jury of Nacogdoches County, Texas, it is the opinion of the court that said Colquitt Richards

should be ordered to jail until such time as he shall see fit to answer such questions propounded to him by said grand jury. It is so ordered, adjudged and decreed."

From the statement of facts it appears that on the 3rd of March, the grand jury was in session; that the appellant was incarcerated in jail and was restrained by virtue of the order copied above; that questions were propounded to him "which questions were pertinent to the crime supposed to have been committed and that the defendant was promised immunity from prosecution for any law violation connected with the supposed crime under investigation." The evidence gives no further information touching the nature of the proceeding. The only witness testifying to the act of contempt was the County Attorney. From his testimony it appears that certain questions, the nature of which is not disclosed, were propounded to the appellant, and quoting:

"He answered those questions in an evasive manner * * * and refused to give full and truthful answers thereto. * * * He did not refuse to talk at all; he talked quite a bit, as well as I remember."

This testimony was received over the objection of the appellant as a mere conclusion of the witness.

The witness, Steve Christopher, testified:

"As to an incident that occurred in March of this year on the night of the party at Oscar Harris', in Nacogdoches County, and whether Mr. Colquitt Richards went with me and my brother, Emile, to Dad Hawkins' house to buy some whiskey—he went with me and my brother, Emile, over to Dad Hawkins' about the 23rd of December, 1927, to buy some whiskey."

The testimony of Emile Christopher was in substance the same as that of Steve Christopher.

The statute covering the subject reads thus:

"When a witness, brought in any manner before a grand jury, refuses to testify, such fact shall be made known to the attorney representing the state or to the court; and the court may compel the witness to answer the question, if it appear to be a proper one, by imposing a fine not exceeding one hundred dollars, and by committing the party to jail until he is willing to testify." (Art. 387, C. C. P., 1925.)

The jurisdiction of the court to enter the order in question rests upon the refusal of the accused to answer a proper question, that is to say, a question propounded in the investigation by the grand jury of some criminal matter within the scope of its authority. See Ex Parte Jennings, 91 Tex. Crim. Rep. 612,

240 S. W. 942, 22 A. L. R. 1351. On a habeas corpus hearing, it is the office of this court to determine whether the relator has refused to answer *a proper question.* From the case of Ex Parte Miller, 91 Tex. Crim. Rep. 661, we quote:

"If it was not such a question, then the court is without jurisdiction to enter a judgment of contempt against the witness. The court is without jurisdiction to hold a witness in contempt when the refusal is not contempt. Holman v. State, 34 Tex. Crim. Rep. 673; Gould v. State, 61 Tex. Crim. Rep. 195, 134 S. W. 364; Snodgrass v. State, 43 Tex. Crim. Rep. 364; Degener v. State, 30 Tex. Crim. App. 566."

In the present instance, neither the judgment of commitment nor the evidence adduced upon the hearing shows that the court had jurisdiction to enter the order committing the relator for contempt. The judgment mentioned is silent touching the nature of the inquiry or the purport of the question, and the record is void of facts showing that the inquiry directed to the appellant was a proper question; and also fails to show whether the grand jury was investigating any offense within its jurisdiction. Moreover, the refusal to answer is not shown.

A further discussion of the matter is not deemed desirable. We refer, however, to the treatment of the subject in Ex Parte Jennings, 91 Tex. Crim. Rep. 612; Ex Parte Miller, 91 Tex. Crim. Rep. 607; and to the authorities to which reference is made in the opinions mentioned.

The judgment is reversed and the relator ordered discharged.

*Reversed and relator discharged.*