EX PARTE JEWELL SMELLEY.

No. 13073. Delivered October 30, 1929.

The opinion states the case.

*Jack Varner* and *H. L. Edwards* of Nacogdoches, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—This is an appeal from an order of the district judge upon a habeas corpus hearing refusing to release appellant from a contempt judgment. The judgment reads as follows:

"The Grand Jury in and for Nacogdoches County, Texas, having been duly impanelled and sworn as such and on the 11th day of September, A. D. 1929, a witness, Jewell Smelley, after having been duly sworn by the said Grand Jury and asked material questions concerning law violations in said county and first being promised immunity from all prosecution on his part, the following questions were propounded to the said witness and he wilfully failed and refused to answer said questions completely and fully. Such questions being 'Where did you get that whiskey that you were drinking last Thursday night?' Second question 'What kind of container was it that you broke on that night?' Answer 'I do not understand.' Whereupon the said Jewell Smelley was carried to the district judge, C. A. Hodges, and it is hereby ordered, adjudged and decreed by the said court that the said Smelley is in contempt of court and he is hereby ordered to go to jail until he purges himself by testifying to what he knows before the Grand Jury of said contempt or remain in said jail until the September term ends."

It is agreed that appellant is incarcerated in jail and restrained by virtue of the order above set forth. It appears from the statement of facts that a jar containing whiskey was broken by someone in appellant's presence. The officer testifying to this fact said that appellant, who was drunk, prevented him from taking possession of the whiskey and that while he and appellant were scuffling another man broke the jar containing the whiskey. The grand jury was investigating this transaction. The foreman of the grand jury testified as follows:

"After the grand jury had been empaneled this defendant, Jewell Smelley, was brought before the grand jury and was offered immunity of any acts he may have been guilty of considered in con-

nection with the investigation of the commission of any crimes in this county. He was asked the question as to where he seized some intoxicating liquor on the night of the occasion involved and to most questions asked him he simply stated that I have told you all I know. I don't know nothing. At times he said I don't understand your question, and the questions were repeatedly explained to him. He was asked the question as to whether or not he broke any kind of container or saw one broken on the night of the date involved. He stated they didn't have any container. At times he also asked to explain what a container was. The evidence we were seeking was material for a felony investigation in Nacogdoches County, Texas. I don't know that Mr. Smelley was instructed what offense we were going to investigate immediately upon his entering the room. Before the questioning had finished we had told him the party's name we were investigating. He didn't give an answer to every question propounded to him. At times he said he didn't understand the question and made no answer, he made no answer whatsoever, except that he did not understand the question. He told us he didn't know anything about the offense we were investigating. He did not talk freely to a number of the questions asked him. Practically all questions were answered by statements I have told you all I know about it. His answers impressed me as being evasive of the questions the grand jury was asking. He said something to all of the questions."

The only other witness testifying said:

"I was present in the grand jury room. Mr. Smelley said he didn't understand half of the questions and then said he had told all he knew, his answers were not full and were apparently evasive. They were evasive. He told us he had told us all he knew about the matter."

It does not appear from the testimony above quoted that appellant refused to answer the questions set forth in the judgment of contempt. The judgment of contempt being predicated upon the questions embodied therein, the court had no jurisdiction to enter an order committing appellant for contempt unless it was shown that he refused to answer said questions. Article 387, C. C. P. is as follows:

"When a witness, brought in any manner before a grand jury, refuses to testify, such fact shall be made known to the attorney representing the State or to the court; and the court may compel the witness to answer the question, if it appear to be a proper one,

by imposing a fine not exceeding one hundred dollars, and by committing the party to jail until he is willing to testify."

We quote from Ex parte Richards, 4 S. W. (2d) 974 as follows:

"The jurisdiction of the court to enter the order in question rests upon the refusal of the accused to answer a proper question, that is to say, a question propounded in the investigation by the grand jury of some criminal matter within the scope of its authority."

The refusal to answer the questions not being shown, the court was without jurisdiction to enter the order adjudging appellant to be in contempt of court. See Ex parte Jennings, 240 S. W. 942; Ex parte Miller, 240 S. W. 944.

The judgment is reversed, and the relator ordered discharged.

*Reversed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.