Forrest N. Troutman, Austin, Neal Dancer, Corpus Christi, for relator.

Wiley L. Cheatham, Dist. Atty., Cuero, and Leon B. Douglas, State's Atty., Austin, for the State.

### Ex parte Irma McMURROUGH.

### No. 38321.

Court of Criminal Appeals of Texas.

May 12, 1965.

BELCHER, Commissioner.

The relator makes direct application to this court for the writ of habeas corpus, seeking her release from the custody of the sheriff of Calhoun County. Relator was adjudged guilty of contempt by the District Court of Calhoun County on April 19, 1965, for refusal to answer questions propounded to her by the Grand Jury of said County. The repeated refusal was on the ground of self-incrimination.

She was fined $50 and committed to jail until such fine was paid and "until she purges herself by testifying as to what she knows before the Grand Jury."

In Ex parte Richards, 109 Tex.Cr.R. 387, 4 S.W.2d 974, this court said:

"The jurisdiction of the court to enter the order in question rests upon the refusal of the accused to answer a proper question, that is to say, a question propounded in the investigation by the grand jury of some criminal matter within the scope of its authority. See Ex parte Jennings, 91 Tex.Cr.R. 612, 240 S.W. 942, 22 A.L.R. 1351. On a habeas corpus hearing, it is the office of this court to determine whether the relator has refused to answer a proper question. From the case of Ex parte Miller, 91 Tex.Cr.R. 607, 240 S.W. 944, we quote:

" 'If it was not such a question, then the court is without jurisdiction to enter a judgment of contempt against the witness. The court is without jurisdiction to hold a witness in contempt when the refusal is not contempt. Holman v. State [Mayor of City of Austin], 34 Tex. [668] 673; Gould v. State, 61 Tex.Cr.R. 195, 134 S.W. 364 [695]; Snodgrass v. State, 43 Tex.Cr.R. [359] 364 [65 S.W. 1061]; Degener v. State, 30 Tex.App. 566 [17 S.W. 1111].' "

It does not appear from the questions propounded to the relator that the Grand Jury was inquiring as to whether a violation of the abortion statute or a related offense had been committed, prosecution for which could be had upon an indictment returned by the Grand Jury of Calhoun County. Art. 387, C.C.P. Also, the order committing the relator to jail "until she purges herself by testifying as to what she knows before the grand jury" did not show that the grand jury was investigating the commission of an offense within the scope of its authority.

The judgment is reversed and the relator is ordered discharged.

Opinion approved by the Court.