JAMES HALL ET AL. V. LIZZIE HAYWOOD.

No. 6464.

1. **Agreements to be Used in Evidence.**—Plaintiff in trespass to try title deraigned title through her father's will to land patented to him. The defendants claimed by limitation of ten years. For use on the trial defendants signed an agreement as to the date of the death of the testator, and that the will, a copy of which was attached, had been duly recorded. The agreement and the copy of the will became detached. Objection was made by the defendants to the agreement because detached. *Held,* that such objection was properly overruled, there being in evidence a duly certified copy of the will and of its probate.

2. **Suit by Devisee Against Trespassers.**—The will empowered the executors

to set apart to each child of the testator one-half of the share of the child at its majority. Two of the three executors executed a deed to plaintiff for the land sued for upon her coming of age. On the trial objection was urged to the deed because not the joint act of all the executors. *Held,* that the admission of the deed was immaterial, in that the plaintiff under the will was entitled to a joint interest in the land, upon which she could recover, the act of the two executors in allotting the land to plaintiff being evidence that it was not needed in the administration to pay debts of the estate.

3. **Trespass to Try Title Against Tenant of Plaintiff.**—Although the landlord is entitled to his action of forcible detainer against a tenant, still upon the tenant disavowing the title of his landlord the landlord would be entitled to maintain an action in trespass to try title.

APPEAL from Denton. Tried below before Hon. F. E. Piner.
The opinion states the case.

*Wm. J. Austin,* for appellants. — 1. An agreement between parties predicated upon a written instrument attached to and made a part of said agreement and referred to therein can not be used as evidence in a detached form nor in connection with other or amended instruments not considered at the time of the original agreement, and especially where the party detaching the basis of said agreement refuses to introduce said exhibit in evidence. English's Admr. v. Murray, 13 Texas, 366.

2. Where a joint power to perform a specified act is conferred on two or more persons all must join in the execution of the power or some reason shown why all the trustees are not parties thereto, and this is especially true in the case of the conveyance of land by executors where the power is joint. An instrument executed by less than all would be a defective execution of a valid power. Rev. Stats., art. 1937; McLane v. Belvin, 47 Texas, 493; Giddings v. Butler, 47 Texas, 536, and authorities; Hart v. Rust, 46 Texas, 566; Crosby v. Huston, 1 Texas, 203; Hulbert v. Grant, 4 Monroe, 580; Taylor v. Galloway, 1 How., 232; Story on Agency, 4 ed., sec. 139, art. 42.

3. The plaintiff can not maintain this action, because the record shows that the letters testamentary are still *in esse,* and that the suit should have been instituted by the executors, as the estate had never been closed by final settlement. Giddings v. Steele, 28 Texas, 748.

*H. C. Ferguson,* for appellee, cited Rev. Stats., art. 1936; Andrews v. Parker, 48 Texas, 99; Tyler v. Davis, 61 Texas, 675; Hays v. Railway, 62 Texas, 399.

STAYTON, CHIEF JUSTICE.—This action was brought by Mrs. Haywood to recover a tract of land granted to S. F. Mosely, who was her father. S. F. Mosely died in the year 1877 and left a will, which was duly probated in the Probate Court of Marion County, Texas, on the 20th day of March, 1878, by which he appointed M. D. K. Taylor and such of

his sons, as they arrived at full age, as would accept and qualify, executors. M. D. K. Taylor, S. W. Mosely, and S. F. Mosely, Jr., qualified as executors March 20, 1878.

The will provided, among other things, that as each of his children arrived at majority, the executors under the will should partition and deliver to them one-half of what they would respectively be entitled to at the final settlement of his estate, and to partition his estate among his heirs, and that no action be had in the Probate Court concerning his estate except to probate the will and to return and record an inventory of the property.

On the 11th of February, 1885, M. D. K. Taylor and S. W. Mosely executed a deed of conveyance to appellee for the land in controversy as a part of her distributive share of her father's estate, for which she executed her receipt with her husband.

Appellants James Hall and Giles Lawson entered into a written contract with Thomas E. Hogg, as the agent of S. F. Mosely, in which they agreed to pay a certain sum per annum as rents for the use of the land. None of the defendants set up any claim of title in themselves except adverse possession for ten years prior to the institution of this suit and purchase (by parol) of improvements on the land from parties not shown to have had any interest in the land.

The lease contract executed between Hogg, assuming to act as the agent of S. F. Mosely, and Hall and Lawson was executed after the death of S. F. Mosely.

Appellants, to be used in evidence, made a written agreement to the effect that S. F. Mosely died in 1877, that Mrs. Haywood was his daughter, that she married her present husband in 1883, and that a certified copy of the will of Mosely, which seems to have been attached to the agreement, was duly recorded in the county in which the land was situated on July 9, 1884, all of which it was agreed might be used in evidence, the copy of the will, however, to be subject to all legal objections other than that of its record.

The agreement and certified copy of the will seem to have become detached in some way not explained. On this account appellants objected to the introduction of the agreement, a certified copy of the will with all the proceedings showing its probate being in evidence.

There is no pretense that the copy of the will offered in evidence was not a true copy, nor that the copy attached to the agreement when executed in any respect differed from the copy offered in evidence. In fact, it is not clear that the identical paper was not offered.

The court did not err in admitting the agreement. The agreement showed that Mrs. Haywood was entitled to take under the will, and the court did not err in admitting a certified copy of the will in evidence.

Appellants question the power of two of the executors to make the

conveyance to Mrs. Haywood; but the will did not provide how the executors were to set apart to each child of the testator the part of the estate to which such child was entitled, and we are of opinion that, without reference to the deed executed by the two executors, Mrs. Haywood shows such interest as entitled her to recover.    Under the will of her father she was a joint tenant with the other children of her father, and therefore had such interest in the land as would enable her to maintain this action.

The action of the executors in delivering the property to her as a part of her share of her father's estate must be received as sufficient evidence in this case that the property was not needed for the ordinary purposes of administration.

It seems to be claimed that an action for trespass to try title would not lie against Hall and Lawson, but that an action for forcible entry and detainer was the proper remedy.    This is a strange proposition to come from persons who disown any holding as tenants and set up adverse claim through the statute of limitation.

If, however, the relation of landlord and tenant had existed, on the disavowal of that relation the owner of the land would be entitled to maintain an action of trespass to try title.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered April 11, 1890.