## DANIEL SULLIVAN v. JOHN A. BITTER ET AL.

Decided October 14, 1908.

**1.—Taxation—Board of Equalization—Authority—Injunction.**

A Commissioners' Court sitting as a Board of Equalization has no power to assess property for taxes. This power, save in exceptional cases, is vested in the assessor of taxes of the several counties of the State, and the method of assessing is prescribed by the statute. The Board of Equalization has no power to add to the tax rolls property not previously assessed, or to take from them property which they embrace, and such action on the part of the Board is absolutely void, and may be enjoined.

**2.—Same.**

To the amount of money on hand and credits listed by the owner and accepted by the tax assessor, a Board of Equalization added a large amount and assessed the same for taxes. Such action by the Board was absolutely void, and it was not necessary for the tax payer to show that he had applied to said Board for relief in order to have such illegal assessment annulled and the collection of the tax enjoined.

**3.—Same—Injunction—Pleading.**

Where the facts alleged in a petition for an injunction show that the plaintiff is entitled to the equitable relief prayed for, it is not necessary for him to allege that he has no adequate remedy at law.

Appeal from the Forty-fifth Judicial District, Bexar County   Tried below before Hon. J. L. Camp.

*Newton & Ward*, for appellant.—It appearing from appellant's petition that, after the tax assessor of Bexar County had assessed to plaintiff $20,000 for the year 1907, under the head of "moneys on hand, credits, etc.," the County Commissioners' Court, sitting as a board of equalization, had no authority under the law to add to said assessment the sum of $230,000, and their action in this respect was void. Rev. Stats., art.

5124, as amended by the Acts of 1907, p. 459; Davis v. Burnett, 77 Texas, 3; County of Galveston v. Galveston Wharf Co., 72 Texas, 557; County of Galveston v. Galveston Gas Co., 72 Texas, 509; San Antonio Street Ry. Co. v. City of San Antonio, 22 Texas Civ. App., 341; Schmidt, Tax Collector, v. Galveston, H. & S. A. Ry. Co., 24 S. W., 547; Kerr v. City of Corsicana, 35 S. W., 694.

On the proposition that injunction is the proper remedy to restrain the collection of a tax illegally assessed, see Davis, Tax Collector, v. Burnett, 77 Texas, 4; Southwestern Tel. & T. Co. v. City of San Antonio, 32 Texas Civ. App., 101; Johnson v. Holland, 17 Texas Civ. App., 210.

Appellant having alleged that the taxes, the collection of which was sought to be enjoined, were illegally assessed, he was not required to go before the board of equalization and contest the assessment. Davis, Tax Collector, v. Burnett, 77 Texas, 4; Court v. O'Connor, 65 Texas, 334; Hardesty Bros. v. Fleming, 57 Texas, 395; Schmidt, Tax Collector, v. Galveston, H. & S. A. Ry. Co., 24 S. W., 547.

The assessment in question being under the head of "moneys on hand, credits, etc," is void for uncertainty, in that said assessment does not specifically enumerate what credits were assessed, how much moneys were on hand, and what the "et cetera" in said assessment included. State v. A. & N. W. Ry. Co., 94 Texas, 530; Southwestern Tel. & T. Co. v. City of San Antonio, 32 Texas Civ. App., 101.

*T. J. Newton*, for appellees.—Plaintiff's petition failing to show that appellant had been denied his plain remedy at law when this suit was brought, or that for some reason it was inadequate, was fatally defective, and the trial court did not err in sustaining defendants' demurrer thereto. Batts' Civil Stats., art. 5120, sec. 2; Duck v. Peeler, 74 Texas, 271-2.

Although the tax in question may have been illegally assessed, it was necessary for the appellant to have exhausted all proper legal means of relief before asking the interposition of a court of equity to enjoin the collection of the tax. Rio Grande R. R. Co. v. Scanlan, Sheriff, &c., 44 Texas, 651; Houston & T. C. Ry. Co. v. County of Presidio, 53 Texas, 518.

It is not sufficient ground for an injunction restraining the collection of a tax upon an assessment actually made that the property has not been correctly described on the assessment rolls prepared from the assessment actually made. Harrison v. Vines, 46 Texas, 15.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellant against P. H. Shook, county judge of Bexar County, D. M. Poor, D. A. Meyer, Frank Sommers and W. C. Kroeger, County Commissioners of Bexar County, in their capacity as Board of Equalization, and John A. Bitter, as tax collector of said county, for the purpose of obtaining a decree against the five parties first named, in their capacity of such Board of Equalization, to set aside, annul and declare void an order alleged to have been made by said county judge and county commissioners adding to the sum of money assessed by the tax assessor of Bexar County for State and county taxes the further sum of $230,000, and assessing such additional sum for such taxes against the plaintiff; and against John A.

Bitter for an injunction restraining him from collecting the taxes alleged to have been assessed upon said additional sum of money.

Exceptions were interposed by defendants to plaintiff's first amended petition, and, upon his declining further to amend, final judgment was entered dismissing his petition and denying him the relief prayed for. From which judgment this appeal is prosecuted.

Plaintiff's first amended petition is as follows:

"In this cause now comes the plaintiff, leave of the court first being had and obtained, and files this his first amended original petition in lieu of his original petition filed herein on January 15, 1908, and for amendment doth say:

"First: That plaintiff resides in the city of San Antonio, in Bexar County, Texas; that the defendants are all citizens of the county of Bexar and State of Texas, and reside therein; that P. H. Shook is county Judge of Bexar County, Texas, and that D. M. Poor, D. A. Meyer, Frank Sommers and W. C. Kroeger are County Commissioners of said Bexar County, Texas, and, together with said county judge, constitute the Commissioners Court of said Bexar County, Texas; that John A. Bitter is the tax collector of Bexar County, Texas.

"Second: That plaintiff has for a long time resided in the city of San Antonio, Bexar County, Texas, and has conducted a business under the name of D. Sullivan & Company, a partnership composed of plaintiff D. Sullivan and W. C. Sullivan, and has heretofore, and up to and including the year 1907, always rendered all property owned by him, as well as the property of D. Sullivan & Co., for assessment for taxes in the name of D. Sullivan & Company, and for the year 1907, acting by J. C. Sullivan, rendered all his property for assessment for taxes to Albert V. Huth, assessor of Bexar County, State of Texas; said rendition for assessment being made on or about the 24th day of April, A. D. 1907, and was accepted by said Albert V. Huth, so plaintiff is reliably informed and believes.

"Third: That thereafter, the exact date of which is not known to plaintiff, the said Albert V. Huth, tax assessor of Bexar County, assessed to this plaintiff individually, on the unrendered rolls, the sum of twenty thousand ($20,000) dollars under the head "money on hand, credits, etc.;" that said assessor, in making said assessment, knew, and had known for a number of years, that all of plaintiff's property had been assessed in the name of D. Sullivan & Company, and in the rendition of property in the name of D. Sullivan & Company there had been assessed to said D. Sullivan & Company the sum of twenty-five thousand ($25,000) dollars, amount of moneys on hand or on deposit in or out of the State with banks, trust companies, corporations, firms or individuals, and subject to order by check or draft, including certificates of deposit, January 1, 1907, subject to taxation, which assessment plaintiff is reliably informed and believes had been accepted by the said Albert V. Huth.

"Fourth: That thereafter the said Commissioners Court assembled as a Board of Equalization, as required and authorized by law so to do, and thereafter, on August 22, 1907, said Board of Equalization added to said assessment made by the said Albert V. Huth, of unrendered property of twenty thousand ($20,000) dollars, the sum of two hundred and thirty thousand ($230,000) dollars; that under and by virtue of the laws of the

State of Texas the said Board of Equalization has not now, and did not have at the time of the addition to said assessment, authority to add to or take from an assessment made by the assessor or an individual accepted by the assessor any property, their rights and duties under the law being confined to the raising or decreasing of values of property already assessed; that in adding said sum of two hundred and thirty thousand ($230,000) dollars to said assessment so made by the said Albert V. Huth, the said Board of Equalization, aside from acting without authority of law, acted capriciously and arbitrarily, without seeking or obtaining any evidence to support their action.

"Fifth: And plaintiff would further aver that said assessment is void, for this: That there is no description of the property attempted to be assessed, and no statement as to how much money and how much credits were so assessed, and what the *'et cetera'* in said assessments mean.

"Sixth: That the rate of taxation fixed by the said county and State for the year 1907 is, and was, 72½ cents on each one hundred dollars of assessed valuation; that the amount of the tax, both State and county, on the $20,000 so assessed by the said Albert V. Huth, tax assessor, is $145; that the amount of the tax unlawfully added to plaintiff's assessment by said Commissioners Court is, and was, the sum of $1,667.50.

"Seventh: Plaintiff would further aver that he has tendered to the said John A. Bitter, tax collector of Bexar County, the sum of $145, the amount of taxes due on the assessment of $20,000 so made by the said Albert V. Huth, but that the said Bitter has refused and still refuses to accept the same, and which said amount he has deposited, and now deposits, as a continuing tender in the registry of this court.

"Eighth: Plaintiff would further aver that, under the law, unless said taxes are paid on or before January 31, 1908, the same become in default, and a penalty of ten percent will be added thereto; and that, in addition thereto, the said collector is authorized to seize and sell plaintiff's property in satisfaction of said unlawful taxes, and in addition thereto he is reliably informed and believes that it is made the duty of the county attorney to institute suit to collect the same, which would greatly harass and embarrass plaintiff, and cause him to expend large sums of money in the defense thereof; that by reason thereof he has no adequate remedy at law to protect himself from the unlawful and capricious action of said Commissioners Court in adding to the said assessment so made by said Huth the said sum of $230,000.

"Wherefore, premises considered, plaintiff prays that the order of said Commissioners Court, sitting as a Board of Equalization, in adding to said assessment the said sum of $230,000, be declared void, and for your Honor's most gracious writ of injunction, to compel the said John A. Bitter, tax collector, to accept the said amount of $145, paid into court, in full of his taxes for the year 1907, and perpetually enjoining him from collecting the said sum of $1,667.50 increase of taxes caused by the void order of said Board as aforesaid, and for costs, and general and special relief."

The defendants' exceptions to the petition are as follows:

"First: Now come the defendants in the above entitled and numbered cause, and except to plaintiff's first amended original petition filed herein, and say that the same is insufficient in law, and that the facts therein

stated are insufficient to entitle plaintiff to the relief prayed for, no valid ground for the exercise of the equitable jurisdiction of this court by the writ of injunction prayed for being alleged; and further, because the allegations in plaintiff's petition contained do not constitute a cause of action against these defendants. Wherefore, defendants pray judgment of this court as to the sufficiency of said petition to entitle plaintiff to the relief prayed for.

"Second: And, should the foregoing demurrer be overruled, then these defendants deny each and every allegation in plaintiff's first amended petition contained. And of this they put themselves upon the country."

We are of the opinion that the court erred in sustaining the exceptions and dismissing plaintiff's petition. The Commissioners Court, sitting as a Board of Equalization, has no power under the laws to assess property for taxes. The authority to assess property, save in exceptional cases, is vested in the assessor of taxes of the several counties of the State, and the method of making such assessments is plainly pointed out by statute. See title CIV, ch. 3, Revised Statutes of 1895.

"An assessment, of necessity, involves at least two things, to wit: A listing of the property to be taxed in some form, and an estimation of the sums which are to be a guide in the apportionment of the tax." Cooley on Taxation (4th ed.), 596. An assessment by the properly constituted authority is absolutely essential to support a tax. Galusha v. Wendt, 114 Iowa, 604; 87 N. W., 512; Judy v. National Bank, 110 N. W., 608. In the absence of a statute authorizing it, a board of equalization can not assess property not listed and valued by the assessor. 1 Cooley on Taxation, 76-7. In this State, such board "has no power to add to the rolls property not previously assessed or to take from them property which they embrace." See article 5124, Revised Statutes of 1895, as amended by Acts of 1907, p. 459; Davis v. Burnett, 77 Texas, 4; Galveston County v. Galveston Gas Co., 72 Texas, 509; San Antonio St. Ry. v. City of San Antonio, 22 Texas Civ. App., 341; 1 Cooley on Taxation, 777.

The addition and assessment of the $230,000 by the Board of Equalization was absolutely void, and it was not necessary for the plaintiff to show that he had applied to such board for relief in order to have such illegal assessment annulled and the collection of the tax enjoined. Davis v. Burnett, 77 Texas, 4; Court v. O'Connor, 65 Texas, 334; George v. Dean, 47 Texas, 73; Waco Nat. Bank v. Rogers, 51 Texas, 606; Southwestern Tel. & T. Co. v. City of San Antonio, 32 Texas Civ. App., 101; Johnson v. Holland, 17 Texas Civ. App., 201; Schmidt v. Galveston, H. & S. A. Ry. Co., 24 S. W., 547; 2 Cooley on Taxation, 1414; High on Inj., sec. 494.

Where the facts alleged in a petition show that the plaintiff is entitled to the equitable relief prayed for, it is not necessary for him to allege that he has no adequate remedy at law, for this is merely a conclusion drawn from the matters pleaded.

The judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*