### RACHFORD et al. v. GLOVER et al.

### No. 5325.

Court of Civil Appeals of Texas.
Texarkana.

Dec. 29, 1938.

Rehearing Denied Jan. 19, 1939.

James H. Rachford, of Beaumont, and M. B. Briggs and W. A. McIntosh, both of Gilmer, for appellants.

Enoch G. Fletcher, of Grand Saline, for appellees.

HALL, Justice.

This suit in form of trespass to try title was instituted in the District Court of Upshur County by appellees against appellants and other persons for title and possession of seven acres of land, including the minerals therein. Appellees alleged title under the three, five, ten and twenty-five years statutes of limitation. Appellants, James H. Rachford and Harriott Elizabeth Mayhew, a person of unsound mind, by her guardian, only, answered by general demurrer and plea of not guilty. They also specially denied that the minerals had been segregated from the surface of said land. Appellants answered further that they were the owners of the seven acres of land in fee simple in the following proportion: James H. Rachford an undivided ⅔ interest, and Mrs. Harriott Elizabeth Mayhew a ⅓ undivided interest. They also sought removal of cloud from their title cast by appellees' claim. Trial was to the court and resulted in judgment for appellees for the minerals in and under the land in controversy, including the oil and gas, together with the right to enter upon said land and produce and market the oil and gas therefrom. The surface of said land was awarded to appellants according to their respective interest therein. James H. Rachford and Mrs. Harriott Elizabeth Mayhew by her guardian prosecute this appeal.

At the outset we are met with a motion by appellees to dismiss this appeal

for the reason that the appeal bond was not filed within twenty days after adjournment of the term of court at which this cause was tried. It appears from the record that the term of the District Court of Upshur County at which this cause was tried began on the 4th day of January, 1937, and closed on the 30th day of January, 1937. The appeal bond was not filed until February 27, 1937, more than twenty days after adjournment of the court. R.C.S. Art. 2253, Vernon's Ann.Civ.St. art. 2253, requires that an appeal bond shall be filed within twenty days after the expiration of the term at which the cause is tried where the term of court, as in this instance, does not continue for more than eight weeks. This court in Pessoney v. Cobb-Holman Lbr. Co., Tex.Civ. App., 88 S.W.2d 566, held that the appellate court has no jurisdiction to consider an appeal where the appeal bond is filed more than twenty days after the expiration of the term of court at which the case is tried. Appellants contend that this appeal should not be dismissed because appellees did not file their motion to dismiss the appeal within thirty days after the filing of the transcript in this court. See Court Rule 8. This contention is answered in Frier v. Krohn, Tex.Civ.App., 104 S.W.2d 537, wherein it is said: "Failure to file the appeal bond within the time prescribed by the statute was not a mere 'informality' in the manner of bringing the case into this court. The filing of the bond within the time required by statute was necessary to confer jurisdiction on this court, and, since the failure to file the bond within the time allowed was jurisdictional in nature, going to the very foundation of the appeal, Court Rule No. 8 has no application." It is our holding, then, that this court has no jurisdiction of this appeal insofar as it affects James H. Rachford, and as to him this appeal is dismissed. With respect to the other appellant, Mrs. Harriott Elizabeth Mayhew, admittedly a person of unsound mind, and her guardian, Roy Mayhew, the rule is different. R.C.S., Art. 2072, permits a guardian acting in his fiduciary capacity to prosecute or defend a suit for his ward without the necessity for giving security for costs. So the motion of appellees to dismiss this appeal insofar as it affects Mrs. Mayhew is overruled.

Appellants' 14th proposition is: "The plaintiffs having described the land they sued for by metes and bounds, giving the distance of its Northwest corner or beginning corner, from the Northwest Corner of the E. A. J. Evans survey, and the distance of its Southeast corner from the most Northerly Northeast corner of said Evans survey, and delineated the lines of the tract sued for by metes and bounds, and having entirely failed to offer evidence sufficient to prove that said tract was located on the ground substantially as described and with the dimensions delineated in their pleading, were not entitled to recover herein even if they had established title by limitation under some count in their Amended petition to a 7 acre excess within the enclosure of said 37.-87 acres and the court erred in finding for and giving judgment to plaintiffs for the mineral estate in said tract as described by them." Appellees are holders of an undivided ¼ interest in the mineral estate under the land in controversy. They purchased their interest from Mrs. Annie R. Callahan and her husband, C. S. Callahan, who own a 37.87-acre tract of land which the evidence shows lies immediately North of the 7 acres in controversy. Appellant Mrs. Harriott Elizabeth Mayhew claims an interest in the land in controversy by inheritance from her father. J. T. Means, remote grantor of appellees, took title to the 37.87-acre tract of land with field notes calling to begin at the Northwest corner of the Evans survey "and runs South and East so as to include 37.87 acres of land." J. T. Means in locating the 37.87-acre tract on the ground took in not only the 37.87 acres, but also the 7 acres in controversy and the record discloses without dispute that the 37.87-acre tract and the 7-acre tract are enclosed under the same fence and have been since about 1901. The evidence, in our opinion, is amply sufficient to establish the title in appellees and those under whom they claim under the ten years statute to both the 37.87 acres, had the title thereto been in dispute, and the 7 acres, in other words, all the land within the enclosure. As said before, title to the 7 acres alone is controverted. Appellees in their petition describe the 7-acre tract by metes and bounds and the question raised by this proposition is whether the evidence in the record is sufficient to identify the land described in the petition so as to locate it with reasonable certainty. The evidence in this respect by the witness Vickers is that the 7-acre tract was located between the 37.87-acre tract on the North and the Victory land on the South; that it lay along the South side of the 37.87-acre tract from the East side to the West side; that there is no land between the Victory land on the South and

the 37.87-acre tract on the North, except the 7-acre tract here in controversy. The witness Vickers testified further:

"Q. Mr. Vickers, I show you here a sketch I have made; this is north, this is south; this is east and this is west? A. Yes, sir.

"Q. This represents the Evans Survey? A. Yes, sir.

"Q. This is a 37-87/100 acre tract? A. Correct.

"Q. Show me where the seven acre tract would be located on that. A. This strip here (indicates).

"(Court: Indicating a strip across the south end).

"A. (continuing) It runs from the east side to the west side on the 37-87/100 acre tract of land.

"Q. That same 7 acres described in this lawsuit? A. It is.

"Q. What tract south of that? A. Victory tract.

"Mr. Fletcher: I offer that as an exhibit.

"Mr. Briggs: Object to the introduction of that. Let me see—it shows it is separate. That is all right. Withdraw my objection."

While some of the evidence by this witness might have been objectionable, it appears in the record without objection and clearly points out the location of the tract of land in controversy with respect to both the 37.87-acre tract on the North and the Victory land on the South. The witness after locating the 7 acres on the map shown him, states that it is the same 7 acres described in the lawsuit. We conclude that this evidence together with the map introduced without objection was sufficient to identify the land as described in appellees' petition with reasonable certainty. Griffin v. Houston Oil Co. of Texas, Tex.Civ.App., 149 S.W. 567, same case on second appeal, Houston Oil Co. v. Griffin, Tex.Civ.App., 166 S.W. 902, writ ref. We would not be justified in disturbing the judgment of the court below on account of the insufficiency of the testimony in describing the land in controversy, especially in view of the fact that the trial was to the court without a jury and no findings of facts and conclusions of law were requested by appellants and none were filed by the court. This proposition is overruled.

By appellees' fifth proposition it is contended that the trial court erred in permitting appellees, alleged owners of an undivided interest in the mineral estate under the land in controversy, to maintain this suit for all the mineral estate and the surface thereof under the allegation of ownership of the whole estate, both mineral and surface, without naming the other joint owners of the same and in permitting a recovery of all the mineral estate. The appellees were claiming an undivided interest in the minerals under the land in controversy. The fact that they included in their petition an allegation of ownership to the entire fee and the evidence showed that they owned only an undivided interest in the minerals would not constitute a variance. Hutchins v. Bacon, 46 Tex. 408; Taylor v. Higgins Oil & Fuel Co., Tex.Civ.App., 2 S.W.2d 288. It is a rule of law of wide application in this State that one tenant in common can maintain an action in trespass to try title for the benefit of all cotenants against a trespasser. Hall v. Haywood, 77 Tex. 4, 13 S.W. 612; Padgett v. Guilmartin, 106 Tex. 551, 172 S.W. 1101; Yates v. State, Tex.Civ.App., 3 S.W.2d 114. The judgment of the trial court awarded to appellees the entire mineral estate and to appellant the surface of the land in controversy in the proportion claimed by them. His action in so doing was equivalent to a disregard of the allegation by appellees of ownership to the surface of said land. This proposition is overruled.

By appellants' third proposition the contention is made that the court below erred in refusing to permit testimony offered by appellants respecting the mental condition of Mrs. Harriott Elizabeth Mayhew, and by the fourth proposition that the court erred in awarding the mineral estate in said land to appellees for the reason that the undisputed testimony showed that Mrs. Mayhew was a person of unsound mind from and after 1915. These propositions are considered together. The record reveals that appellants offered only one witness, a daughter, whose testimony bore any relation to the mental condition of Mrs. Mayhew. Objection to her testimony was interposed by appellees which was overruled by the court—stating at the time that the court would hear argument, later, on the admissibility of this testimony. No further action in respect to this testimony was taken by either party. No motion to strike was urged by appellees, and it is presumed that the court considered same. He was not compelled to give credence to this testimony. Trial being to the court without a jury, and he, being the trier of the facts, was the

exclusive judge of the credibility of the witnesses and the weight to be given their testimony. It can not be said that this witness was not interested in the result of this case. She was testifying on behalf of her mother who was a person of unsound mind and who was contesting this suit by and through her son as guardian. This circumstance together with this witness' testimony that her mother became insane in 1915 but was not so adjudged until seventeen years later, was sufficient to raise an issue of fact as to her credibility as a witness. These propositions are overruled.

We have carefully examined all other assignments brought forward by appellants, and finding no merit in them, they are overruled.

As to J. H. Rachford this appeal is dismissed; and as to Mrs. Harriott Elizabeth Mayhew the judgment of the court below is affirmed.