## HARRIS COUNTY et al. v. BASSETT et al.
### No. 10988.

Court of Civil Appeals of Texas. Galveston.
Feb. 29, 1940.

Rehearing Denied May 2, 1940.

Daniel Jackson, Crim. Dist. Atty., and Marshall T. Anderson, W. L. Cook, Morris G. Rosenthal, and Tod R. Adams, Asst. Crim. Dist. Attys., all of Houston, for appellants.

J. S. Bracewell, of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal from an order of the Judge of the 55th District Court of Harris

County granting an application for a temporary injunction brought by Sam Bassett and the Sam Bassett Lumber Company against the Commissioners' Court of Harris County, sitting as a Board of Equalization, and Jim Glass, Tax Assessor and Collector of Harris County, restraining the appellants from issuing a capias or commitment on an order of the Commissioners' Court of Harris County committing Sam Bassett to jail for contempt.

The appellants herein are the County Judge and the County Commissioners of Harris County and the Tax Assessor and Collector of Harris County.

Appellees Sam Bassett and Sam Bassett Lumber Company, a corporation, are resident taxpayers of Harris County. They are engaged in the retail sale of lumber and building material, and own taxable property in the county consisting of real estate, a stock of merchandise, money, notes, bills and notes receivable, automobile trucks and office furniture.

The record shows that the Tax Assessor and Collector of Harris County had called upon Sam Bassett, individually and as president of the Sam Bassett Lumber Company, to make a rendition of his property and the property of the Sam Bassett Lumber Company. This he refused to do. Thereupon the Tax Assessor and Collector made out and signed an unrendered assessment for both Sam Bassett and the Sam Bassett Lumber Company and submitted them to the Commissioners' Court with a memorandum of such refusal.

Upon being notified of such refusal the Commissioners' Court had issued and served on Sam Bassett its subpoena to appear before it on August 7, 1939, and to bring with him "the records, ledger sheets and inventories of properties, both real and personal, owned by the Sam Bassett Lumber Company as of January 1, 1939." Sam Bassett appeared at said hearing but did not bring or produce said books or records, contending before said board that said subpoena duces tecum was so vague, indefinite and general in its terms that he was unable to determine therefrom what books the court required him to produce on said hearing.

The assessment sheets submitted by the Tax Assessor and Collector show assessments for Sam Bassett, individually, of numerous items of real estate but no personal property with the exception of three automobiles valued at $1,200.

The assessment sheet for the Sam Bassett Lumber Company shows numerous items of real estate and the following personal property:

5 trucks valued at.............. $500.00
Goods, wares & Merchandise valued at ..................... 4000.00
Tools, implements & machinery valued at .................... 150.00
Office furniture valued at........ 100.00

At said hearing he answered all questions propounded by members of the court as to his and his company's ownership of the personal property listed on the rendition sheets submitted by the Tax Assessor and Collector, but refused to give information with reference to property belonging to himself or his company which was not listed thereon, and refused to sign the rendition sheets submitted by the Tax Collector.

At the conclusion of said hearing the board, upon the refusal of Sam Bassett to answer the questions above referred to, voted and entered an order holding him in contempt. It assessed against him a jail sentence of 24 hours and a fine of $25, and ordered that he be confined in jail until such time as he should purge himself of such contempt by producing the books, records and papers called for in said subpoena and until he should give testimony as required by the court. This order was later modified by eliminating said fine.

Immediately after said order was entered and prior to the issuance of the commitment thereon, appellee, Sam Bassett, filed his petition in the district court praying for an injunction against the enforcement of said order. The judge of the district court immediately granted a temporary restraining order. Later, upon a full hearing on the facts, he issued a temporary injunction, restraining the enforcement of said contempt order.

Appellants contend: (1) That, since the act sought to be restrained was the execution of an order holding a witness in contempt of court, the only relief under such circumstances is an application for a writ of habeas corpus; (2) That, since the Commissioners' Court had jurisdiction of the person and subject matter of the suit and the undisputed evidence shows that there has been no abuse of discretion by the court, that therefore the trial court erred in granting a temporary injunction; and (3) that appellees had failed to either allege or prove a cause of action for injunction.

The contention that the district court has no supervisory control over the Commissioners' Court cannot be sustained.

Article 5, Section 8, of the Constitution of the State of Texas, Vernon's Ann.St., by its express terms, gives to the district court appellate jurisdiction and general supervisory control over the Commissioners' Court with the power to restrain said court in an abuse of its discretionary power.

The part of said Article 5, Section 8, of the Constitution material to this appeal, reads: "The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law; and shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law."

Articles 1908 and 1909, Revised Statutes of 1925, give the same jurisdiction to the district courts as that embraced in the above constitutional provisions, and since there are no other provisions in the Constitution or statutes conferring jurisdiction upon the district court over orders or judgments as made by the Commissioners' Court, it is now well settled that any one aggrieved at an order or judgment of said court can have same reviewed by bringing a direct proceeding in the district court for that purpose. Kirby v. Transcontinental Oil Co., Tex.Civ.App., 33 S.W.2d 472; Stovall v. Shivers, 129 Tex. 256, 103 S.W.2d 363; Haverbecken v. Hale, 109 Tex. 106, 204 S.W. 1162.

Under the above authorities we think that the district court unquestionably had the authority to restrain the enforcement of said order of commitment if, for any reason, it was void by reason of the court having exceeded its jurisdiction or having abused its discretion in entering the order.

The duties of the Commissioners' Court sitting as a Board of Equalization and its authority as such board are clearly defined in the following articles of the Revised Statutes:

Article 7206, Revised Statutes of 1925, provides in part as follows:

"Each commissioners court shall convene and sit as a board of equalization on the second Monday in May of each year, or as soon thereafter as practicable before the first day of June, to receive all the assessment lists or books of the assessors of their counties for inspection, correction or equalization and approval.

"1. They shall cause the assessor to bring before them at such meeting all said assessment lists, books, etc., for inspection, and see that every person has rendered his property at a fair market value, and shall have power to send for persons, books and papers, swear and qualify persons, to ascertain the value of such property, and to lower or raise the value on the same.

"2. They shall have power to correct errors in assessments.

"3. * * *

"4. After they have inspected and equalized as nearly as possible, they shall approve said lists or books and return same to the assessors for making up the general rolls, when said board shall meet again and approve the same if same be found correct.

"5. * * *

"6. The assessors of taxes shall furnish said board on the first Monday in May of each year, or as soon thereafter as practicable, a certified list of names of all persons who either refuse to swear or to qualify or to have signed the oath required by law, together with the assessment of said person's property made by him through other information; and said board shall examine, equalize and correct assessments so made by the assessor, and when so revised, equalized and corrected, the same shall be approved."

Article 7225 of the Revised Civil Statutes in part provides: "* * * and, should his rolls and books, when presented for approval to the commissioners court, prove to be imperfect or erroneous, the court shall have the same corrected or perfected, either by the assessor or some other person than the assessor * * *."

Article 2351, Section 14, of the Revised Civil Statutes, 1925, provides: "Issue all such notices, citations, writs and process as may be necessary for the proper execution of the powers and duties imposed by such court and to enforce its jurisdiction."

While it is evident from above articles of the Revised Statutes that the Commissioners' Court had the authority to conduct a hearing for the purpose of equalizing and correcting the assessments made by the Tax Assessor and Collector, and that it had the authority for that purpose to re-

quire that Sam Bassett produce his books and records, the authorities are uniform in holding that the Board of Equalization is concerned only with the properties on the rolls and with the correction of the valuations placed thereon by the Tax Assessor, and that the board may not add to the rolls property not entered, nor eliminate therefrom entries appearing thereon. 40 Tex. Jur., page 133, section 96.

■ It is further held that the powers of the Board of Equalization to correct errors in assessments extends to the correction of an erroneous designation by the owner, to the description of the property, and to valuations placed on the rolls by the assessor without authority, and that the adding to or eliminating therefrom property appearing on the rolls is not the correction of an error within the purview of R.S. Article 7206, and is invalid if done without the taxpayer's consent. 40 Tex.Jur., pp. 137, and 138, section 99; Sullivan v. Bitter, 51 Tex. Civ.App. 604, 113 S.W. 193; City of Fort Worth v. Southland Greyhound Lines, 123 Tex. 13, 67 S.W.2d 354; Crocker v. Santo Consolidated Ind. School District, Tex.Civ. App., 116 S.W.2d 750; Mar-Quart v. Harris County, Tex.Civ.App., 117 S.W.2d 494.

Appellants contend that appellees have failed to either allege or prove a cause of action for injunction. A careful analysis of the record convinces us that appellees' petition contains the necessary averments to support the relief granted.

The trial court conducted a full hearing on the facts of the case, in which each side was allowed a wide latitude in the introduction of evidence, before granting the injunction prayed for.

■ It is uniformly held in this state that the granting or refusal of a temporary injunction is within the sound discretion of the trial court and is not reviewable upon appeal unless it clearly appears from the record that there has been an abuse of such discretion. Houston v. Interstate Circuit, Tex.Civ.App., 132 S.W.2d 903, 904; Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778; Dallas v. Fry, Tex.Civ.App., 263 S.W. 653; Frels v. Consolidated Theatres, Tex.Civ. App., 134 S.W.2d 369; Renfro v. Sperry, 134 S.W.2d 438, 439.

■ In this case the judge arrived at his decision after a thorough hearing of the facts and a consideration of the record convinces us that he did not abuse his judicial discretion in granting the temporary injunction.

■ Further, under the established rule in this state that if a court interrogates a witness about a matter over which it has no jurisdiction and about which it has no right to inquire, the refusal of the witness to answer the question is not contempt of court, the order of the Commissioners' Court holding Sam Bassett in contempt for his refusal to answer questions or furnish information in reference to properties not shown on said rendition sheet, and for his refusal to sign and verify said rendition sheet, under the record herein, is void. Ex parte Gould, 60 Tex.Cr.R. 442, 132 S.W. 364, 31 L.R.A.,N.S., 835; Ex parte Richards, 109 Tex.Cr.R. 387, 4 S.W.2d 974.

These conclusions require an affirmance of the trial court's judgment; it will be so ordered.

Affirmed.