

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 24, 1959

Honorable Charles L. Reynolds
County Attorney
Childress County
Childress, Texas

Opinion No. WW-745

Re: Who determines ade-
quacy of transporta-
tion and whether a Com-
missioners' Court may
compensate a Sheriff
under Subsection (c)
when transportation is
furnished under Sub-
section (a) of Article
6877-1, Vernon's Civil
Statutes.

Dear Mr. Reynolds:

We quote from your recent letter:

"Childress County, Texas, is a county
whose officers are compensated on a salary
basis. The county owns two automobiles that
are used exclusively by the Sheriff and his
deputies and all expenses incidental to the
upkeep and operation of both automobiles are
paid for solely by the county under the pro-
visions of Subsection (a) of Article 6877-1,
Vernon's Texas Civil Statutes. Recently, one
of the two automobiles was being repaired and
was out of service, during which time the Sher
iff used his personal automobile for official
business. The other county owned automobile
was available and was used for official county
business during that period of time. The
Sheriff has submitted his sworn statement of
claim against the county for reimbursement of
transportation expenses incurred in the use of
his personally owned automobile for official
county business during this period of time.
The Commissioners' Court was not apprised of
the transportation situation until the

Sheriff's claim was submitted to it, and naturally had taken no action with respect to either authorizing or denying the use of the Sheriff's personally owned automobile for official county business, and the Court is of the opinion that during the period of time in question there was no emergency requiring the use of any transportation other than the county owned automobile available for use.

"Action by the Commissioners' Court on the claim is being held pending your formal opinion as to:

"1. Who shall determine what is adequate transportation?

"2. Is it mandatory that the Commissioners' Court pay this claim?

"3. May the court in its discretion allow the claim?

"4. Is the Court prohibited from approving the claim?"

Article 6877-1, Vernon's Civil Statutes, provides in part as follows:

"The County Commissioners Courts of this State are directed to supply and pay for transportation of sheriffs of their respective counties and their deputies to and from points within this State, under one of the four (4) following sections:

"(a) Such sheriffs and their deputies shall be furnished adequate motor transportation including all expense incidental to the upkeep and operation of such motor vehicles.

"(b) Motor vehicles shall be furnished to such sheriffs and their deputies who may furnish gas and oil, wash and grease, incidental to the operation of such vehicles; for which gas and oil, wash and grease, such sheriffs and deputies shall be compensated at a rate not to exceed four

cents (4¢) per mile for each mile such
vehicle is operated in the performance of
the duties of his office.

"(c) Alternatively such County Com-
missioners' Courts may allow sheriffs
and their deputies in their respective
counties to use and operate cars on of-
ficial business which cars are personally
owned by them for which such officers shall
be paid not less than six cents (6¢) per
mile nor more than ten cents (10¢) per
mile for each mile traveled in the per-
formance of official duties of their
office."

In answer to your first question, it is for the Com-
missioners' Court to determine what is "adequate motor
transportation" within the meaning of Subsection (a) of
the above statute. The Commissioners' Court is given the
statutory duty to provide such transportation. Implied
authority exists in the Commissioners' Courts to do what
may be necessary to exercise the duties and powers con-
ferred upon them. Anderson v. Wood, 137 Tex. 201, 152
S.W. 2d 1084 (1941); Canales v. Laughlin, 147 Tex. 169,
214 S.W. 2d 451 (1948). Manifestly the Commissioners'
Court must determine what "adequate motor transportation"
is if the Court is to furnish such transportation.

Moreover, Section 18 of Article V of the Constitution
of Texas confers on Commissioners' Courts powers and juris-
diction over "county business." The subject determination
clearly falls within the purview of "county business."

However, such determinations are subject to judicial
review by the District Court in a proper suit for such pur-
pose. Article V, Section 8, Texas Constitution; Article
1908, Vernon's Civil Statutes; Harris County v. Bassett, 139
S.W. 2d 180 (Civ. App. 1940, error ref.).

In answer to your second question, it is not mandatory
that the Commissioners' Court pay the claim in question un-
less the Commissioners Court finds that it has not supplied
"adequate transportation" in the situation described in
your letter and elects to use Subsection (c) of the stat-
ute.

We have previously held that the Commissioners' Court
may not legally supply and pay for transportation of the

sheriff and his deputies under more than one of the three subsections of the statute at a time. WW-707 (1959); V-293 (1947). Therefore, if the Commissioners' Court is already supplying "adequate motor transportation" under Subsection (a) it cannot allow the claim in question. If, however, the Commissioners' Court makes a valid determination that the Court is not furnishing "adequate motor transportation" when one of the two county owned automobiles is available for use by the sheriff and the other automobile is not, then the Commissioners' Court could, and would even have to, supply and pay for transportation of the sheriff and his deputies under either Subsection (b) or (c) of the statute. The Commissioners' Court has a mandatory duty to supply and pay for such transportation under at least one of the three Subsections. V-293 (1947).

The question of whether the sheriff and his deputies have had adequate motor transportation involves a factual determination which must be made by the Commissioners' Court in the light of many varied factors that are peculiar to the local situation. Of such factors the Commissioners' Court is cognizant and this department is not.

Based upon the statement in your letter that the "court is of the opinion that during the period of time in question there was no emergency requiring the use of any transportation other than the county owned automobile available for use," we infer that the court has found that "adequate motor transportation" has been furnished to the sheriff. Assuming that such determination is valid in light of the facts and circumstances present in Childress County, your third question is, therefore, answered in the negative and your fourth in the affirmative.

## SUMMARY

Commissioners' Courts determine what is "adequate motor transportation" within the meaning of Subsection (a) of Article 6877-1, Vernon's Civil Statutes, subject to judicial review in a proper case. A claim made under

Subsection (c) of the Statute cannot be approved by the Commissioners' Court when adequate motor transportation is being furnished under Subsection (a).

Very truly yours,

WILL WILSON
Attorney General of Texas

By ~Henry G. Braswell~

Henry G. Braswell
Assistant

HB:me:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

J. C. Davis, Jr.
Houghton Brownlee, Jr.
Paul W. Floyd, Jr.
Raymond V. Loftin, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore