

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

June 3, 1974

The Honorable H. J. "Doc" Blanchard
Chairman, Legislative Property Tax
    Committee
105 W. Riverside Drive
Austin, Texas   78704

Opinion No. H- 317

Re: Authority of Legislative
Property Tax Committee to
compel the production of
appraisal data

Dear Senator Blanchard:

You have asked our opinion on two questions which concern "the extent to which the Committee may require local units of Government to provide detailed appraisal information from their own files and from the files of private appraisal firms which have compiled such information with public funds under contracts with taxing units."

Your specific questions are:

1. May the Legislative Property Tax Committee require the local Assessor to provide detailed appraisal information to the Committee and to make all of the records in the tax office available for use by the Legislative Property Tax Committee or their designees?

2. Is such information, if it is held in the files of all types of tax appraisal firms subject to forceable disclosure to the Committee, directly or through the Assessor of the taxing unit regardless of any understanding by or between the assessing unit and the appraisal firm?

Article 7100, § 3 (e), V. T. C. S., which is the statute creating the

Legislative Property Tax Committee and outlining its powers and duties, provides:

> (e) The Committee also shall have free access to all books and records in the several departments of the State government, and of all tax units in the State, and officials of every State agency, department, institution and tax unit are directed to provide such information as may be requested by the Committee and to assist the Committee in accomplishing its objectives. . . .

> A tax unit or unit as used un this Act shall mean any governmental agency authorized to levy taxes under the laws of this State.

We believe § 3 (e) gives the Committee ample authority to require production of a local tax assessor's office records including detailed appraisal data.

Additionally, Article 7100, § 3 (c) and (d), V. T. C. S., provides:

> (c) The Committee shall have power to administer oaths and to subpoena and examine witnesses, and to issue subpoenas duces tecum, and shall have access to and power to order the production before such Committee of any and all books, documents and papers which may be in the possession or under the control of any person, company, corporation or receiver, assignee, trustee in bankruptcy, or bailee, whenever such Committee may consider same necessary or proper in the prosecution of any inquiry under or in the execution of any provision of this Act and all such process shall be served under the provisions of law governing the service of process in civil cases, insofar as applicable.

(d) Any person who shall disobey any such subpoena, or subpoena duces tecum, or any such order of said Committee, or who shall fail or refuse to attend as by such subpoena directed, or to testify when so required to do under the provisions of this Act, shall be deemed guilty of contempt, and may be punished therefor by the Committee under provisions of laws applicable to the district courts in such cases.

In our opinion this statutory grant of authority is sufficiently broad to justify the issuance of subpoenas duces tecum to compel production of data compiled by private individuals and appraisal firms. Cf. Attorney General Opinion No. M-309 (1968). You have called our attention to no reason this information would be generally privileged from the process of the committee, and we are aware of none. Cf. Harris County v. Bassett, 139 S. W. 2d 180 (Tex. Civ. App. Galveston, 1940, error ref'd). Of course, the process of the committee is limited generally by rules of relevancy to the authorized scope of investigation and by the protections afforded individuals by the Constitution. Barenblatt v. U. S., 360 U. S. 109 (1959).

Among potentially relevant constitutional rights is the right to be secure from government confiscation of property without just compensation. U. S. Constitution, Amendments 5 and 14; Texas Constitution, Article I, § 17. For example, whether information prepared by an appraisal firm for sale would be property entitled to compensation because of its revelation would depend on the facts of the individual case.

## SUMMARY

The Legislative Property Tax Committee is authorized to compel the production  of appraisal data from tax assessors and from private individuals.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee