J. A. PIERCE AND ANOTHER v. P. H. CROSS AND ANOTHER.

1. Service of a writ of error is insufficient, unless a copy of the petition in error was also served upon the defendant in error.
2. Notwithstanding former rulings, it is an open question whether citation in error can be served after two years from the rendition of the judgment, provided the petition and bond were filed within that time.

ERROR from Hopkins. Tried below before the Hon. Winston Banks.

The opinion denotes the only material facts.

No brief for the plaintiffs in error.

*W. M. Walton*, for the defendants in error, moved to dismiss, because there had been no legal service of citation in error.

WALKER, J.   The case of Davenport *v.* Field, 12 Texas, 94, is decisive of the motion to dismiss this case from the docket. There has been no service of the citation in error which can be deemed sufficient in law.   (Article 1495, Paschal's Digest.) There was no copy of the petition served on the defendants. There was no copy of the citation delivered to the defendants, nor is it shown by the sheriff's return that a copy was served even on the attorneys.   This court will not take jurisdiction of a case attempted to be brought before us, until the citation in error has been duly served.   (See Crunk *v.* Crunk, 23 Texas, 605.)

In this case it is said, if the petition and bond be filed within two years from the rendition of the final judgment, the writ of error is not barred, though the citation be not served upon the defendants until after that time.   We have some hesitation in adopting this doctrine, and should a proper case arise, calling for its application, we shall ask that the question be re-argued.

.The case will be dismissed.

Dismissed.