## T. G. GARNEY v. C. R. MENEFEE.

### Decided January 30, 1909.

**1.—Writ of Error—Affirmance on Certificate—Jurisdiction.**

In writ of error proceedings the Appellate Court has no jurisdiction of the case until service of citation upon the defendant in error. Hence a motion to affirm on certificate will be dismissed for the want of jurisdiction when it does not affirmatively appear from the certificate or transcript that the defendant had been duly served with citation before the filing of the transcript in the Appellate Court.

**2.—Judicial Knowledge—Term of Court.**

The Courts of Civil Appeals cannot take judicial notice of the length of a term of a County Court.

**3.—Affirmance on Certificate—Jurisdiction—Filing Appeal Bond.**

Where, on motion to affirm on certifictae, it is not made to appear affirmatively that the appeal bond was filed within the time prescribed by the statute, the Appellate Court will dismiss the motion for want of jurisdiction.

Error from the County Court of Tarrant County. Tried below before Hon. John L. Terrell.

*A. R. Hopkins,* for appellant.

*Wray & Mayer,* for appellee.

SPEER, ASSOCIATE JUSTICE.—In this case a motion is filed by defendant in error to affirm the judgment on certificate. The term of the County Court at which the judgment was rendered was begun on July 6, A. D. 1908, and adjourned on September 5, 1908, as shown by the caption to the transcript. The judgment sought to be affirmed was rendered on July 7th, and was in defendant in error's favor against plaintiff in error for the sum of five hundred and forty-six dollars and fifteen cents. On September 9, 1908, a supersedeas bond was filed in which it was declared that "the said T. G. Garney had sued out a writ of error to the Court of Civil Appeals for the Second Supreme Judicial District," etc.

The caption, judgment and supersedeas bond referred to make up

the entire transcript before us.   No transcript whatever has been filed in this court by the plaintiff in error, but such transcript is not required to be filed here until service of the writ of error has been had (Scarborough v. Groesbeck, 25 S. W., 687); nor, indeed, has this court jurisdiction until such service.   (Crunk v. Crunk, 23 Texas, 605; Vineyard v. McCombs, 100 Texas, 318.)   We can not, therefore, entertain jurisdiction as upon writ of error proceedings.

Neither does the plaintiff in error appear to be in any better position if we treat the supersedeas bond as an ordinary appeal bond.   An appeal is perfected, where a bond is filed, upon filing that bond "within twenty days after the expiration of the term.   If the term of the court may by law continue more than eight weeks the bond . . . shall be filed within twenty days after notice of appeal is given if the party taking the appeal resides in the county, and within thirty days if he resides out of the county."   (Revised Statutes, article 1387.)   Now, we can not affirm this case on certificate unless the appeal bond was filed within the time above designated.   The bond does appear to be filed within twenty days after the expiration of the term, but we can not know that the term of the County Court of Tarrant County could not by law have continued more than eight weeks, and that therefore the appeal bond should have been filed within twenty days, or at most within thirty days, after the notice of appeal was given, which, if it corresponded with the date of the judgment, was on July 7th, as we have seen.   The transcript accompanying the motion does not affirmatively show that our jurisdiction has ever attached, and the motion is therefore dismissed.   See Dixon v. Southern Building & Loan Association, 28 S. W., 58.

*Motion dismissed.*