### MORRIS v. ANDERSON et al.

(Court of Civil Appeals of Texas. Amarillo. April 27, 1912.)

1. APPEAL AND ERROR (§ 622*)—TRANSFER OF CAUSE—FILING TRANSCRIPT.

Appellant need not file a transcript in the appellate court until the appeal is perfected by service of citation in error, or by waiver thereof, after which time he has 90 days to file such transcript.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2732–2735; Dec. Dig. § 622.*]

2. APPEAL AND ERROR (§ 1125*)—TRANSFER OF PROCEEDINGS—PERFECTION OF APPEAL.

Where one of the appellees was never served with citation on appeal, but a motion of another appellee to affirm on certificate, or, in the alternative, to dismiss the appeal, was filed before he entered his appearance by waiver of citation filed in the cause, the appeal was not perfected until the filing of such waiver; and hence the Court of Civil Appeals had no jurisdiction to affirm on certificate.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4428; Dec. Dig. § 1125.*]

3. APPEAL AND ERROR (§ 357*)—DEFECTS IN PROCEEDINGS FOR REVIEW—DISMISSAL OF WRIT OF ERROR.

A party against whom a money judgment was had duly appealed, and before perfection of the appeal by waiver of citation the adverse party filed a motion to dismiss, claiming collusion on the part of the other parties to bring about the disposition of the case, and also a want of diligence in prosecuting the appeal. Appellant claimed that the delay was not its

fault, but that of its attorney and the clerk of the court below, and did not know that the appeal had not been perfected till served with notice of the motion to dismiss, when other attorneys were employed. *Held* that, on the state of the record, the court would not dismiss the writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1928–1931; Dec. Dig. § 357.*]

Error from Potter County Court; W. M. Jeter, Judge.

Action by Lorena Morris, by next friend, J. S. Morris, against C. E. Anderson, Lois Morris, and others. Judgment for Lois Morris against Lorena Morris, and she brings writ of error. Motion by defendant Lois Morris to affirm on certificate, or, in the alternative, to dismiss the appeal. Motion overruled.

Barrett & Jones, of Amarillo, for plaintiff in error. Crudgington & Umphres, of Amarillo, for defendants in error.

PRESLER, J. In this case, on the 17th day of March, 1911, one of the defendants below, Lois Morris, recovered judgment against plaintiff in error, Lorena Morris, by her next friend, J. S. Morris, in the sum of $238, with interest thereon from the 17th day of March, 1911, from which said judgment plaintiffs in error duly appealed by writ of error to the Court of Civil Appeals for the Second Supreme Judicial District, at Ft. Worth, filing their supersedeas bond herein on May 23, 1911, to which said court said appeal was at that time returnable. On March 23, 1912, the defendant "Louie" (Lois) Morris filed her motion to affirm on certificate and, in the alternative, to dismiss the appeal in this cause, and said motion is here considered.

[1] It appears from the certificate and motion and answer that one of the defendants in error, C. S. Morris, has never been served with citation in error, but since the filing of this motion has duly entered his appearance by waiver, filed in this cause on the 12th day of April, 1912. It is well settled by the decisions in this state that plaintiff in error is not required to file a transcript in the appellate court until the appeal is perfected by service of citation in error, or by waiver of the same; and that plaintiff in error has 90 days, under the statute, from the perfecting of the appeal to file said transcript.

[2] Upon the record as made by the transcript and motion and answer filed herein, we conclude that the appeal was not perfected in this case until the filing of the waiver of the defendant in error C. S. Morris on the 12th day of April, 1912, and we are therefore unable, under the law, at this time to grant the motion of defendant in error Lois Morris and affirm on certificate. Scarborough et al. v. Groesbeck, 25 S. W. 687; Crunk v. Crunk, 23 Tex. 605; Garney v. Menefee, 53 Tex. Civ. App. 490, 118 S. W. 1083; Chambers v. Shaw, 16 Tex. 144, 145.

[3] Defendant in error Lois Morris, in her motion, insists that there was collusion on the part of the defendant C. S. Morris and plaintiffs in error to bring about delay in the disposition of this case in this court, and also a want of diligence on the part of plaintiffs in error in prosecuting their appeal. This issue is controverted by the answer of plaintiffs in error, resisting defendants' motion to affirm, or, in the alternative, dismiss this appeal, and claiming that the delay was not the fault of plaintiffs in error, but of the clerk of the court below, and of the negligence and misrepresentations of the attorney whom plaintiffs in error employed to prosecute this appeal; and that said plaintiffs in error did not know that said appeal had not been perfected until service of defendants in error's motion to affirm on certificate; whereupon they were compelled to and did employ other attorneys to perfect said appeal and represent them in this cause. Upon the state of the record as made by the certificate, the motion to affirm, and the answer thereto, we do not feel warranted at this time in dismissing the writ of error in this case; and defendants in error's motion to affirm on certificate, or, in the alternative, to dismiss, is accordingly overruled.