WEBSTER v. INTERNATIONAL & G. N. RY. CO. (No. 7154.)

(Court of Civil Appeals of Texas. Galveston. March 10, 1916.)

1. APPEAL AND ERROR ☞715(2)—COURT OF CIVIL APPEALS—POWER TO ASCERTAIN JURISDICTION—STATUTE.

By direct provision of Vernon's Sayles' Ann. Civ. St. 1914, art. 1593, the Court of Civil Appeals has power to ascertain by affidavit or otherwise such matters of fact as may be necessary to the proper exercise of its jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2965; Dec. Dig. ☞715(2).]

2. APPEAL AND ERROR ☞407(1)—APPEAL BY WRIT OF ERROR—CITATION.

A Court of Civil Appeals has no jurisdiction to entertain a writ of error, unless citation in error has been legally served on the defendant in error or service accepted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2120, 2128, 2129, 2131, 2132; Dec. Dig. ☞407(1).]

3. RAILROADS ☞24(2)—RECEIVERS—SERVICE OF PROCESS—AGENT.

The agent of the receivers of a railroad corporation under appointment of a court of competent jurisdiction is not the agent of the corporation for service of process, although before the appointment of the receivers he was the agent, and at the time of service of citation upon him he is serving the receivers as agent in the same capacity in which he served the corporation.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 54; Dec. Dig. ☞24(2).]

Error from District Court, Harris County; Chas. E. Ash, Judge.

Suit by Lizzie Webster against the International & Great Northern Railway Company. To review a judgment for defendant, plaintiff brings error. Writ ordered stricken from the docket.

James Slyfield, E. H. Vasmer, C. L. Michael, and Guynes & Colgin, all of Houston, for plaintiff in error. Geo. A. Hill, Jr., of Houston, amicus curiæ.

McMEANS, J. Daniel Webster and his wife, Lizzie Webster, brought this suit against the International & Great Northern Railway Company for the recovery of the title and possession of a tract of land in Harris county. Pending a trial Daniel Webster died, and Lizzie Webster was authorized by the court to prosecute the suit in her own name and right. A trial resulted in an instructed verdict for defendant, upon which a judgment in its favor was duly entered. Plaintiff did not perfect an appeal from the judgment, but seeks to have several alleged

errors of the trial court reviewed by writ of error to this court.

George A. Hill, Esq., a practicing attorney of the Harris county bar, as amicus curiæ, has, by an instrument filed in this court, suggested the want of jurisdiction of this court to determine the questions presented, for the reason that the citation in error has not been served upon the defendant.

It appears from the record that the plaintiff filed her petition for a writ of error in the district court on May 3, 1915, and that citation in error to defendant was issued on May 4, 1915, and that on May 7, 1915, the writ was served on S. B. Mobley by the sheriff of Harris county. The sheriff's return indorsed upon the writ is as follows:

"Came to hand on the 4th day of May, 1915, at 5 o'clock p. m., and executed on the 7th day of May, 1915, at 8:45 o'clock p. m., by summoning the International & Great Northern Railroad Company, a corporation, by delivering a true copy of this writ to S. B. Mobley in person, the local agent of the above named company."

The amicus curiæ suggests that on the 7th day of May, 1915, the day the citation in error was served, the said S. B. Mobley was neither the agent nor employé of the International & Great Northern Railway Company, nor in its service, nor had he been engaged in any capacity of the said railway company since the 10th day of August, 1914, on which date Jas. A. Baker and Cecil A. Lyon were appointed receivers of said railway company by the United States District Court for the Southern District of Texas, and that on the date the citation in error was served on said Mobley he was employed as agent of said Baker and Lyon as such receivers, and has been in their employment since said 10th day of August, 1914.

Attached to the written suggestion, as an exhibit, is the affidavit of said Mobley, which we here copy:

"The State of Texas, County of Harris.

"Before me, the undersigned authority, on this 12th day of February, A. D. 1916, personally appeared S. B. Mobley, known to me to be the person whose name is subscribed to the following affidavit, who being by me duly sworn on oath deposes and states as follows, to wit: On the 7th day of May, 1915, citation in error was served on me in cause No. 60373 on the docket of the Eleventh district court of Harris county, Texas, styled Daniel Webster et al. v. I. & G. N. Railway Company. On said date I was neither agent nor employé, nor in the service of the International & Great Northern Railway Company, nor am I now agent or employé or in the service of the International & Great Northern Railway Company, nor have I been engaged in any capacity in the service of the International & Great Northern Railway Company since the 10th day of August, A. D. 1914, on which date

Jas. A. Baker and Cecil A. Lyon were appointed receivers of the International & Great Northern Railway Company by the United States District Court for the Southern District of Texas. On the date said citation was served on me I was employed as agent of Jas. A. Baker and Cecil A. Lyon, receivers of the International & Great Northern Railway Company, and have been since the 10th day of August, 1914, in their employ. S. B. Mobley.

"Subscribed and sworn to before me this 12th day of February, A. D. 1916.

"[Seal.] L. Temme,
"Notary Public in and for
Harris County, Texas."

There was also attached a certified copy of the order of the United States District Court for the Southern District of Texas, showing the appointment of said Baker and Lyon receivers of said railway company on August 10, 1914.

[1] The power of this court to ascertain, by affidavit or otherwise, such matters of fact as may be necessary to the proper exercise of its jurisdiction is unquestioned. Article 1593, Vernon's Sayles' Civil Statutes; Smith v. Buffalo Oil Co., 99 Tex. 77, 87 S. W. 659; Dixon v. Lynn, 154 S. W. 656; Jones & Co. v. Gammell, 156 S. W. 317.

[2] It is well settled that this court has no jurisdiction to entertain an appeal by writ of error, unless citation in error has been legally served on the defendant in error, or service accepted. Pierce v. Cross, 36 Tex. 187; Thomas v. Childs, Id. 148; Garney v. Menefee, 53 Tex. Civ. App. 490, 118 S. W. 1083; McCloskey v. McCoy, 89 S. W. 450; National Cereal Co. v. Earnest, 84 S. W. 1101.

[3] Whatever may be the ruling in other jurisdictions, it has been held in this state that the agent of the receivers of a railway corporation under appointment of a court of competent jurisdiction is not the agent of the corporation, although before the appointment of the receivers he had been the agent of the corporation and at the time of the service of citation upon him was serving the receivers as agent in the same capacity in which he had served the corporation. Railway v. Moore, 32 S. W. 379.

It affirmatively appearing from the affidavit of S. B. Mobley that at the time of the service of citation in error upon him he was not the agent of the railway company, and as it appears from the record that it was upon this service that the writ of error was attempted to be prosecuted, this court has not acquired jurisdiction. It is therefore ordered that the writ of error be stricken from the docket of this court (Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544), with permission to the plaintiff to withdraw the record in order to perfect service.