**BRAZELL et al. v. IRENE INDEPENDENT SCHOOL DIST. et al. (No. 322.)**

(Court of Civil Appeals of Texas. Waco. Jan. 21, 1926.)

**1. Appeal and error ⚖══426—Service of citation in error on alleged secretary held not legal service on school district.**

Where alleged secretary of school district was served with citation in error, and he disclaimed by affidavit any relationship with district at any time, such citation *held* not legally served on school district, within Rev. St. 1925, art. 2029.

**2. Appeal and error ⚖══509—Transcript must show service of citation on all defendants in error.**

Before an appellate court obtains jurisdiction of a cause by writ of error, transcript must show that all defendants in error have been served with citation.

Error from District Court, Hill County; Horton B. Porter, Judge.

Action between I. T. Brazell and others and the Irene Independent School District and others. Judgment for the latter, and the former bring error. Cause stricken without prejudice, with permission to withdraw transcript and statement of facts.

Nathaniel Jacks, of Dallas, for plaintiffs in error.

Frazier & Averitte, of Hillsboro, for defendants in error.

BARCUS, J. Howard Mann, one of the defendants in error, has filed his motion in this court asking that this appeal be dismissed because it does not appear that all of the defendants in error have been served with citation.

[1] It appears from the record that the Irene independent school district, a corporation, one of the defendants in error, was only served by citation being served upon J. O. Shafer, its alleged secretary. Shafer has filed his affidavit in this court, which is attached to the motion of Howard Mann, in which he states under oath that he was not, at the time the original judgment in this cause was rendered, nor when the petition for writ of error was filed in the trial court, nor at the time of the service of the citation on him, nor at this time, a trustee of the Irene independent school district, nor was he the secretary or any officer or agent thereof. Plaintiff in error does not controvert the facts contained in said affidavit. The statute

provides that citation on a corporation may be served on its president, secretary, treasurer, or local agent. Article 2029, Rev. St. 1925. The citation served on Shafer is not legal service on the school district. Camden Fire Ins. Co. v. Hill (Tex. Com. App.) 276 S. W. 887; Queen City Motor Co. v. Texas Auto Supply Co. (Tex. Civ. App.) 229 S. W. 591; Latham Co. v. J. M. Radford Gro. Co., 54 Tex. Civ. App. 510, 117 S. W. 909.

[2] Before the appellate court obtains jurisdiction of a cause by writ of error, the transcript must show that all the defendants in error have been served with citation. Garney v. Menefee, 53 Tex. Civ. App. 490, 118 S. W. 1083; Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544; Henry v. Boulter, 26 Tex. Civ. App. 387, 63 S. W. 1056.

This appeal will not be dismissed, but, by reason of service not having been had upon all the defendants in error, this cause is stricken from the docket without prejudice. Plaintiff in error is given permission to withdraw the transcript and statement of facts which have been filed herein.