COUCH, County Judge, et al., v. EARNEST, Tax Assessor.

No. 9129.

Court of Civil Appeals of Texas. San Antonio.

June 14, 1933.

Rehearing Denied July 29, 1933.

Griffin, Kimbrough & Cox, of McAllen, and Bryce Ferguson, of Edinburg, for plaintiffs in error.

Carl & Leslie, of Edinburg, for defendant in error.

FLY, Chief Justice.

The plaintiffs in error are the county judge and commissioners, and the county clerk of Hidalgo county; the defendant in error being the assessor of taxes of the same county, who sought and obtained a writ of mandamus compelling the commissioners' court to fix a tax rate and levy a tax on all property in old road district No. 1, to create a sinking fund and interest on $168,000 of bonds, being the residue of an original issue of $250,000 of bonds of said road district, which consists of the whole county, with the exception of that part of said county included in the Donna irrigation district and that part lying south of what is known as Military road. The writ of mandamus was awarded as prayed for, and the county clerk was commanded to prepare and furnish all necessary tax rolls to defendant in error, required by him in order to prepare and make the necessary assessments of property.

No objections are urged to the findings of fact of the trial judge, and they are adopted as the conclusions of fact of this court:

"On March 14, 1916, the commissioners' court of Hidalgo county, Tex., acting under the then existing law, undertook to organize road district No. 1 in said county. * * * Thereafter such proceedings were had by road district No. 1 so organized that bonds aggregating $250,000 were issued and sold.

"The Legislature of the state of Texas on October 23, 1926, same being chapter 611, Special Laws. of the 39th Legislature (1st Called Sess.), passed a law creating and defining road district No. 1, in Hidalgo county, Tex., as the same is defined and described in the commissioners' court order of March 14, 1916, and, in addition thereto, ratifies and confirms the road district as organized by the commissioners' court, and legalizes and validates the bond issue in question, and all proceedings of the commissioners' court in connection therewith, and provides that taxes shall be annually levied and assessed by the commissioners' court upon the value of taxable property in said road district sufficient to create a sinking fund to discharge the principal of the bonds at maturity and to pay the annual interest thereon.

"Road district No. 1, as so created, embraced all of Hidalgo county, except Donna irrigation district Hidalgo No. 1.

"It was conceded and proven on the trial that $168,000 of the bonds theretofore issued were still outstanding and unpaid at the date of the trial.

"On March 31, 1927, the Legislature enacted chapter 264, Special Laws of 1927, this act in expressed terms amends chapter 611, above referred to, to the extent that it creates a road district No. 1 out of a part of the territory in road district No. 1 as created and confirmed by said chapter 611. Among other things, this act contains the following language: 'Said Road District No. 1, as herein redefined and described by metes and bounds excludes from said District certain territory heretofore embraced and contained within said District, and it is hereby expressly provided that the present outstanding bonds of said Road District No. 1 of Hidalgo County, Texas, shall remain a charge against all the taxable property situated within said District as it existed at the date of the issuance of the said present outstanding bonds, and the Commissioners' Court of Hidalgo County shall continue to levy, assess and collect annually sufficient taxes to pay the principal at maturity, said taxes to be levied and collected upon all of the property situated in said District as it existed at the time of the issuance of said present outstanding bonds.' Section 1.

"Section 2 of the same act provides as follows: 'It is expressly provided that said chapter 611, Acts 39th Legislature, First Called Session, shall be and remain in full force and effect, except as hereby amended.'

"On June 7, 1927, the Legislature enacted chapter 24, Special Laws of 1927, First Called Session, 40th Legislature. This special act of the Legislature creates road district No. 2 of Hidalgo county out of a part of the original road district No. 1. Like the special act creating road district No. 1, this act, creating road district No. 2, expressly provides that the outstanding bonds of original road district No. 1 shall remain a charge against all of the taxable property situated in said district, and that taxes shall annually be levied and assessed against all of the taxable property situated in the original district No. 1 as it existed at the time the bonds were issued.

"These are the only legislative acts relative to road district No. 1 and subsequent road districts in Hidalgo county. Thereafter, road districts in Hidalgo county, numbered from 3 to 8, inclusive, were organized from time to time by the commissioners' court of Hidalgo county. Each of the road districts, whether organized under special acts of the Legislature, or by the commissioners' court, issued bonds by vote of the people for constructing and maintaining hard-surface highways as provided for and contemplated in the Constitution and the various statutes bearing on the subject.

"Under this state of law, the tax assessor of Hidalgo county annually assessed the territory in original road district No. 1, as well as separately the territory in the other respective districts, and this practice continued until the present commissioners' court failed and refused to make a levy at any time for the year 1931 on the taxable property in said original road district No. 1 for the purpose of paying the annual interest and creating a sinking fund for the retirement of said $168,-000 in unpaid bonds.

"For and during the year 1931, the commissioners' court undertook to charge the several road districts referred to, and make them assume and pay their pro rata shares of the existing bonds of the original road district No. 1, and in these orders the commissioners' court seeks to discontinue the making of a levy of taxes and assessing the property in the territory of original road district No. 1, and to shift the original bonded indebtedness to the various road districts carved out of the original road district No. 1, and for that reason no levy was made against the original road district No. 1 as such.

"Original road district No. 1 has never been dissolved, and is still in existence as a corporate entity, unless the acts of the commissioners' court of Hidalgo county in creating out of original road district No. 1 eight separate road districts had the effect of destroying the original road district No. 1.

"On August 18, 1931, the commissioners' court of Hidalgo county made and entered an order levying taxes for the year 1931, against all of the properties and lands in road districts Nos. 1 to 8, inclusive, which were carved out of, and embraced in, original road district No. 1, except road district No. 7, which embraces the territory in Donna irrigation district Hidalgo No. 1, the amount of levies; and the rates so fixed for said several road districts being as follows:

Road District No. 1 $1.75 on the $100.00 valuation
Road District No. 2 1.40 on the 100.00 valuation
Road District No. 3 .25 on the 100.00 valuation
Road District No. 4 1.55 on the 100.00 valuation
Road District No. 5 .40 on the 100.00 valuation
Road District No. 6 1.00 on the 100.00 valuation
Road District No. 8 .25 on the 100.00 valuation

"The county judge, E. C. Couch, testified that it was the intention of the commissioners to apply 5 cents out of each of the levies made on the several road districts above mentioned to the interest and sinking fund account of the bonds against old road district No. 1, and that the commissioners' court verbally instructed the county auditor to figure it out and apply it, and the county auditor, Charles Turner, testified that he did not know how to make the application and never did do it. However, there was no order of the commissioners' court of Hidalgo county on this subject. It further appeared from the testimony that each of the several road districts carved out of old road district No. 1 had large outstanding indebtedness, and it does not appear from the testimony how much of the levies made it would require to meet the interest and sinking fund accounts of those several road districts.

"It further appears that some of the road districts were in default on their interest and sinking fund account, and that the tax levy in the order above mentioned would not in all cases be sufficient to take care of the interest and sinking fund account on the new road districts in the event 5 cents (5 per cent.) of said levy should be taken out and applied to the indebtedness against old road district No. 1.

"The commissioners' court, in its order of August 28, 1931, placed upon the county auditor the following duty: 'It is further ordered that the County Auditor determine on the basis hereinafter specified the proportionate part of said indebtedness to be assumed by each of said new road districts, in order that this Court may, at the proper time, determine the proper tax levy to be made in each of the said new road districts.' There is no order of the commissioners' court setting aside any part of the levies made in the new road districts for the year 1931, for the payment of the interest and creating a sinking fund to discharge the bonded indebtedness against old road district No. 1, but the county judge testified that there was an intention of the commissioners' court, and they so verbally instructed the auditor to figure out the necessary amount of the levy made for that purpose and to apply it in that way. There was no court order to that effect, and this court concludes that there was no order made as to provision for interest and sinking fund to take care of the indebtedness on old road district No. 1 for the year 1931, except as same might come in from delinquent taxes, and the interest and sinking fund account in old road district No. 1 was inadequate and insufficient during the year 1931."

The commissioners' court made no levy on the property contained in original road district No. 1, but scattered the levy among the new districts created out of the old district No. 1. There was an intermingling of the taxes due by the newly created districts on the indebtedness of each with the taxes of the old district No. 1.

Each act of the Legislature involving the original district beginning with the original creation placed the obligation on the commissioners' court to levy the taxes for the creation of a fund for the payment of the principal and interest due on the bond issue for $250,000, and no valid reason can be assigned for a failure to fix the rate and levy the tax required for such purposes on the property in the old district.

The first and second propositions are overruled. The petition was fully sufficient to justify the issuance of the writ of mandamus. Defendant in error had the right to have rolls on the old district property in order that he might comply with his duty as assessor; he had the right by reason of the fees that he would realize; and he had the right as a citizen of Hidalgo county to compel a compliance with the different acts of the Legislature, which the commissioners' court were seeking to evade. There was no order, as stated by the trial judge, for the setting apart of any specific part of the taxes to pay the debt of old district No. 1. There was no order or provision for setting apart the 5 cents, to which the county judge testified. There was no specific tax to meet the old district debt, as was clearly commanded by the Legislature.

It was not attempted to compel plaintiff in error to amend the tax roll of 1931, nor to add a supplemental roll thereto, but the mandamus was sought to compel the commissioners' court to make out another roll fixing the rate and levying a tax on the old road district No. 1. The idea seems to pervade the brief of plaintiffs in error that, if a tract of land should not be included in the rolls made up for the year, either by reason of omission, intentionally or accidentally, it could never be taxed for that year. If that theory were put into practice, the payment of interest and sinking fund could be evaded by the commissioners' court and debts repudiated with impunity. The tax roll of a county is not like the law of the Medes and Persians, irrevocable and unchangeable. When property is found to have been omitted from the rolls, it is the right and the bounden duty of the commissioners' court to have a corrected roll prepared. The land in the old district No. 1 was subject to taxation to pay off the debts due to holders of the bonds issued on the faith of the levy and collection of taxes on that land. It was the land in the old district that should have been taxed, and the rolls should have been made up on the property designated in the law, and not complicated with districts afterwards created; and, when the commissioners' court became recalcitrant and unwilling to obey the law, it was proper to compel them to act, through a writ of mandamus obtained by any taxpayer, or the assessor, of the county. The citizens of a county are not powerless in the hands of their officers who will not perform their duties, and the courts will come to their aid when properly invoked. The county clerk is the clerk of the commissioners' court, and prepares and issues the mandates of that court, and he was properly included in the mandamus so as to have the rolls properly prepared and placed in the hands of the assessor.

The judgment is affirmed.

### On Rehearing.

Defendant in error did not, as supposed by this court, sue as a citizen and taxpayer, but only as assessor of the county, for the purpose of procuring another levy of taxes to enable him to make another assessment roll and obtain the fees arising therefrom. No protection was sought for the bondholders, who were not parties to the suit; the only object of the suit being to obtain personal fees of office for defendant in error.

The suit was not filed until after all the rolls for 1931 had been made up and fully approved by defendant in error in this case and only a few days before the expiration of the year 1931, in which all the proceedings had been had.

It is doubted, and with reason, that an assessor could obtain a mandamus to compel the commissioners' court to make another levy in order that he might profit thereby, but, if it be admitted that he could, this action should have been taken before the rolls had been approved by the assessor, and during the current year, even if the assessor could be held to have the authority to institute the suit, which he did, had it been instituted at the proper time. Still this court judicially knows that the term of the assessor expired on January 1, 1932, and, being a personal action of his, it expired with the termination of his office, and the question therefore becomes a moot one in this court.

If defendant in error should obtain everything that he sought, which was a new levy on road district No. 1 of Hidalgo county, it could be of no possible use or benefit to him, or to any one else, under the allegations of his petition. When his term of office expired, this cause of action went out of existence.

For the reasons indicated, the former judgment of this court is set aside, the judgment of the district court is reversed, and this cause is dismissed.