**EARNEST v. COUCH et al.**

No. 9479.

Court of Civil Appeals of Texas. San Antonio.

April 18, 1934.

Rehearing Denied May 23, 1934.

J. F. Carl, of Edinburg, for plaintiff in error.

Griffin, Kimbrough & Cox, of McAllen, for defendants in error.

SMITH, Justice.

This action was brought by plaintiff in error, D. C. Earnest, against Hidalgo county, and various officials thereof, and Hidalgo county drainage district No. 1, and the commissioners thereof, including George Langford, alleged to be one of said commissioners. From an adverse judgment, plaintiff in error has sought to prosecute writ of error.

It appears from the record presented here that the writ of error was attempted to be perfected against the drainage district by service upon its three commissioners, each of whom was also made a defendant below as well as in the application for writ of error. One of said commissioners was alleged by

plaintiff in error to be George Langford, and service of writ of error was had upon him as such. The record shows the fact to be, however, that Langford was not such commissioner at the time of the filing of the application for writ of error and service thereon upon him, but that said Langford had been superseded by Charles A. Starlin, who still holds that office, but has not been served with the writ.

The result is that only two of the commissioners have been cited, and as the drainage district has not been otherwise cited than through the attempted service upon its three commissioners, the writ of error has not been perfected. Article 8174, R. S. 1925; Matagorda County Drainage Dist. v. Gaines & Corbett (Tex. Civ. App.) 140 S. W. 370, 371.

Defendants in error have raised objections to the citation in error and return thereon, but it seems those objections have been waived by defendants in error. Brillhart v. Beever (Tex. Civ. App.) 198 S. W. 973.

Defendants in error's motion to strike the cause from the docket of this court, for want of proper service, will be granted, and the cause stricken. Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544; Brazell v. Irene Independent School Dist. (Tex. Civ. App.) 279 S. W. 871.

On Motion for Rehearing.

We adhere to the ruling that as service of writ of error was sought to be effected through the individual drainage commissioners, it was necessary that each such commissioners be served.

The statute (article 8174) provides that drainage districts may be sued "through their commissioners." That does not mean through one commissioner, or two, but all three, commissioners. The same rule would apply, as a matter of course, to service of writ of error. And such service must be upon commissioners in office at the time of service, not former commissioners.

Plaintiff in error complains that the order heretofore entered herein, to strike this cause from the docket of this court, has the effect of cutting off plaintiff in error from his remedy of writ of error. In this plaintiff is mistaken. To dismiss the appeal would have the effect feared by plaintiff in error, whereas, to strike the case from the docket, without prejudice, as has been done here, is designed to save plaintiff in error's remedy, if otherwise properly pursued. We again commend to plaintiff in error the authorities cited in the original opinion upon this point. Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544; Brazell v. Irene Independent School Dist. (Tex. Civ. App.) 279 S. W. 871.

We note the district clerk's certificate to the transcript filed in this appeal, as follows:

"The State of Texas, County of Hidalgo

"I, L. C. Lemen, Clerk of the District Courts within and for the County of Hidalgo, State of Texas, do hereby certify that the within and foregoing 82 typewritten pages are a true and correct copy of all the proceedings had and done in Cause No. B-9633, styled, D. C. Earnest vs. E. C. Couch, et al., as the same now appear on file and of record in this office.

"I further certify that the Pleading appearing herein on pages 46 to 49 inclusive, called plaintiff's Second Supplemental Petition, is incorporated in this Transcript from what purports to be a copy of this pleading presented to me by Counsel for Plaintiff after said cause was finally tried and final judgment was rendered therein, and after said counsel had stated that said copy was from the files of said counsel for plaintiff, and that the original of said pleading had been lost. And, with a request that said copy be filed as of June 21st, 1933, the date of said trial, I accordingly filed said pleading and dated same back to show it was filed on June 21, 1933.

"Given under my hand and the seal of the District Courts of Hidalgo County, Texas, this the 14th day of February, A. D. 1934.

"L. C. Lemen, Clerk, District Courts, Hidalgo County, Texas."

It is perfectly obvious that under the facts certified the clerk had no authority to include in the transcript the purported copy of "Plaintiff's Second Supplemental Petition." Clerks of trial courts have no authority to substitute lost papers in a case. That can be done only in the manner prescribed in the statute. Article 2289, R. S. 1925.

Plaintiff in error's motion for rehearing is overruled.