## EARNEST v. COUCH et al.
### No. 9565.

Court of Civil Appeals of Texas.
San Antonio.
April 3, 1935.

Rehearing Denied May 1, 1935.

J. F. Carl, of Edinburg, for plaintiff in error.

Robert E. Kirkpatrick, of Mercedes, Vernon B. Hill, of Mission, and R. D. Cox, Jr., of McAllen, for defendants in error.

SMITH, Justice.

This action was brought by D. C. Earnest, formerly tax assessor of Hidalgo county, against Hidalgo county, and Hidalgo County Drainage District No. 1, and the governing bodies of the county and district, to recover certain fees of office alleged to have accrued to Earnest, as tax collector, in the years 1931 and 1932. The general demurrer was sustained against Earnest's petition, and from the resulting judgment he has brought writ of error. Different aspects of the case have been presented to this court in two former appeals, Couch v. Earnest, 62 S.W.(2d) 988; Earnest v. Couch, 71 S.W.(2d) 547. The parties will be here designated plaintiff and defendants, as in the court below. This opinion will be substituted for the original opinion now withdrawn.

It was alleged by plaintiff, in effect, that, some years before, certain bonds were issued by the drainage district, and road district No. 1 of said county, requiring the commission-

ers' court to provide for interest and sinking funds with which to meet the obligation of those bonds, which was done, but that for the years 1931 and 1932 the court failed and refused to levy district taxes for those purposes, or fix a rate therefor, and for that reason plaintiff, as assessor, was prevented from assessing taxes for those years upon the property within the districts; that under the law (article 3937, R. S. 1925) he was allowed certain fees for making such assessments, based upon the assessed values of the property, but that by the dereliction of the commissioners' court he was prevented from actually assessing the taxes, and deprived of the fees fixed by law for making such assessment. It was further alleged that, notwithstanding the failure of the commissioners' court to levy the taxes for the years mentioned, and fix the tax rate, and the consequent inability of plaintiff to make the actual assessment of taxes, plaintiff, having put himself in a position to perform that duty, was entitled to the fees provided by law for such assessment, as if he had actually done the work. Plaintiff prayed for writ of mandamus, requiring defendants to issue voucher to him for the amount of the fees, or, in the alternative, for judgment for said amount.

We are of the opinion that the trial court did not err in sustaining the general demurrer to plaintiff's pleadings. This for the obvious reason, if there is no other, that it appears affirmatively from the stricken pleading that plaintiff did not perform the specific service for which the fees sued for are provided by the law he relies upon, to wit, article 3937. It is true that plaintiff alleged that he assessed the properties of the districts, which comprise practically the whole of the county, but he further alleges that he did not assess the drainage and road district taxes against such properties. The distinction between assessing the property, and assessing the district taxes thereon, is apparent from the Statutes (article 7195 et seq.), which require the assessor to assess each property in the county upon blanks prescribed in the statute, by making lists of those properties and ascertaining and writing in the values thereof. These rolls are made up, primarily, for the purpose of assessing the state and county taxes, and are extended by the assessor to include such district taxes, if any, as he may be required by law to assess. If there be no such district taxes levied, then the assessor's compensation is limited to that allowed him in article 3937 "for assessing the State and county taxes." But if he is requir-

ed to assess any district taxes, and extends the roll to include the same, he is allowed additional fees therefor when performing that service, but, certainly, only where he makes the actual entries of such assessments. In this case, no levy having been made, or rate fixed, for these two district taxes, for the years in question, plaintiff could not and did not "assess" those taxes by extending the rolls to include them. And, certainly, not having performed that duty, or actually earned that fee, he was not entitled to payment therefor. This is elemental.

Plaintiff sought recovery of another item, of $710, but it is plain no cause of action is shown in the allegations thereon.

The judgment is affirmed.