## UNITED STATES v. HUFF et al.
### Civ. A. No. 105.

District Court, S. D. Texas, Brownsville Division.

Dec. 11, 1940.

Douglas W. McGregor, U. S. Dist. Atty., of Houston, Tex., and James L. Abney, Asst. U. S. Dist. Atty., of Brownsville, Tex., for plaintiff.

Strickland, Ewers & Wilkins, of Mission, Tex., for defendant Hidalgo Co. Water Imp. Dist. No. 2.

Albert G. Haigh, of Edinburg, Tex., for defendant Hidalgo Co. Water Control & Imp. Dist. No. 1.

ALLRED, District Judge.

Plaintiff brought this suit to establish the superiority of its lien for income and estate taxes due from one of the defendants over the lien and claims of other defendants, including those named above. Plaintiff alleged in the complaint that each district is a municipal corporation, duly organized under the laws of the State of Texas, with a general manager as its chief executive officer residing within this division and district.

The Marshal's return as to service on the defendant Hidalgo County Water Improvement District No. 2 recites that it was executed by: "I served the Hidalgo County Water *and* Improvement District No. Two of San Juan, Texas, by delivering a true copy to Mr. C. B. Cramer, *Manager* of said District, at their office in San Juan, Texas, a true copy of this writ together with a true copy of the original petition." (Italics supplied.)

As to the defendant Hidalgo County Water Control & Improvement District No. 1, the Marshal's return reads: "* * * served the Hidalgo County Water Control and Improvement District No. One of Edinburg, Texas, a Corp. by *leaveing* a true copy of this writ, together with a copy of the original petition, in their office during office hours with Mr. Fred Abney, *Land Commissioner* of said Water District, who was in charge of said office at Edinburg, Texas." (Italics supplied.)

Each defendant moves to dismiss, and, in the alternative, to quash the writ of summons upon it. The defendant Hidalgo County Water Improvement District No. 2 supports its motion with the affidavit of C. B. Cramer. This affidavit recites that Cramer is employed by said District as manager thereof, but that he is not an executive officer of any kind and that said District has no "chief executive officer"; further that the affairs of said District are controlled and governed by a board of five duly elected directors (setting out their names), as provided by the laws of Texas; further, that Cramer is neither a member of the board nor a director of the District.

There is no affidavit among the papers of the cause supporting the motion of Hidalgo County Water Control & Improvement District No. 1, although counsel insists that he filed with the Clerk on November 9, 1940, the affidavit of Fred K. Abney to this effect: that the Marshal appeared and asked for T. G. Murrow, the manager, and then left with affiant a copy of the complaint, together with a writ of summons, with the request that they be handed over to Murrow; that affiant is an employee of the District, but not an executive officer, etc.

In view of the Marshal's return describing Fred Abney as "Land Commissioner," not "chief executive officer," of said water district, the contents of the affidavit are immaterial.

Rule 4(d) (6) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that service of process shall be made: "(6) Upon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant."

There is no showing that Cramer, described in the Marshal's return as "manager of said District," nor Abney, described as "Land Commissioner of said Water District," is "the chief executive officer" of the municipal districts involved.

Each district is organized under Sec. 59, Art. XVI of the Texas Constitution, Vernon's Ann.St., and Title 128 of the Texas Statutes. Art. 7880-36, Vernon's Civil Statutes, of the State of Texas, provides that such districts shall have five directors composing the board of directors, who shall be the managing officers in charge of all business and affairs, making all contracts, employing all employees, etc.; that they may employ a general manager, etc. Art. 7880-46, providing for the employment of a *general manager* by the directors, authorizes the directors to delegate to him full authority in the management and operation of the district, *subject only to the orders of the board of directors.* Clearly, under the Texas statutes, neither Cramer, the "manager" of District No. 2, nor Abney, "the Land Commissioner," of the other district, is the "chief executive officer," upon whom service of process may be had under Rule 4(d) (6) of the Rules of Civil Procedure.

The president of the board of directors is designated by the statute as "the chief executive officer of the district." Art. 7880-42. Unquestionably service upon the president of the board of directors would be good under Rule 4(d) (6), supra.

It remains to be seen whether or not the service had was sufficient under the Texas statutes.

Art. 7880-137, dealing with municipal corporations of this type, provides: "All districts may sue and be sued in the name of the district by and through its board of directors."

No authority has been cited construing this statute as applied to water districts; but a similar statute with regard to drainage districts, Art. 8174, has been construed as requiring service upon its commissioners, who are similar to directors of water districts. Matagorda County Drainage Dist. No. 1 v. Gaines & Corbett, Tex.Civ.App., 140 S.W. 370; Earnest v. Couch et al., Tex.Civ.App., 71 S.W.2d 547.

Defendants' motion to quash service of the writ of summons upon them will be sustained. Let an order be prepared accordingly.

The Clerk will notify counsel.