

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711
January 2, 1969

Honorable James E. Barlow
Criminal District Attorney
County of Bexar
County Courthouse
San Antonio, Texas   78204

Opinion No. M-328

Re:  Who has the administra-
     tive responsibility of
     deciding the status of
     property for ad valorem
     tax exemption under the
     Constitution and
     Statutes of Texas?

Dear Mr. Barlow:

     Your request for an opinion from this office inquires
as to what official or officials on the county level has the
responsibility of deciding which property shall be exempt from
taxation because of the various provisions of the Constitution
and Statutes, when the tax exempt status is disputed.

     In connection with this request, it should be noted that
the final authority to decide if property is exempt from taxa-
tion rests with a court of competent jurisdiction.  Your ques-
tion, therefore, has been interpreted to ask what administra-
tive authority is vested with the authority to initially deter-
mine if property is exempt from ad valorem taxation by virtue of
the Constitution and Statutes, and does any other administrative
body have the authority to review such a determination.

     The Constitution and Statutes of Texas delegate the duties
of administering the ad valorem tax laws of the state to three
authorities, namely, the county tax assessor and collector, the
county commissioners court, sitting as a board of equalization,
and the county commissioners, functioning as a commissioners court.
An examination of these same laws, however, reveals that none of
these bodies is expressly granted the authority to initially de-
termine whether property falls within a class that is tax exempt.

Sections 14 of Article VIII of the Texas Constitution establishes the office of assessor and collector of taxes and provides therein that he

". . . shall perform all the duties with respect to assessing property for the purpose of taxation and collecting taxes as may be prescribed by the Legislature." (Emphasis Added.)

Among the numerous duties of the tax assessor as prescribed by the Legislature is that of obtaining a full, complete, and correct assessment of all taxable property situated in his respective county. See Art. 7189, et seq. Vernon's Civil Statutes.

An assessment of property for taxation has been defined as the listing of property to be taxed in some form, and an estimation of the sums which are to be a guide in the apportionment of the tax.  See Sullivan v. Bitter, 51 Tex. 604, 113 S.W. 193, (Tex.Civ.App. 1908, no writ history).  Article 7145, Vernon's Civil Statutes, provides

"All property, real, personal or mixed, except such as may be hereinafter expressly exempted, is subject to taxation. and the same shall be rendered and listed as herein prescribed." (Emphasis Added.)

A summation of the above definition and provisions indicates that only property subject to taxation is to be listed, and the duty of listing such property is vested with the assessor and collector of taxes.  It follows, therefore, that before the assessor can perform his duties he must make an initial decision of whether or not property is exempt from taxation.  If it is exempt, the assessor has no authority to assess the property.  If it is not exempt, then it is made his duty under the statutes to assess the same.  It is the opinion of this office, therefore, that the tax assessor and collector is granted the authority to initially decide if property is tax exempt under the Constitution and Statutes of Texas.

The next question to answer is whether the county commissioners court, sitting as a board of equalization, has the

authority to pass on questions relating to the tax exempt status of property.

Section 18 of Article VIII of the Constitution of Texas provides that:

> "The Legislature shall provide for equal-
> izing, as near as may be, the valuation of
> all property subject to or rendered for
> taxation, (the county commissioners court
> to constitute a board of equalization)
> . . ."(Emphasis added.)

The duties of the commissioners court, sitting as a board of equalization, and its authority as such board is defined by Article 7206, Vernon's Civil Statutes. The other statutes that have been enacted regarding the board simply clarify those duties listed in Article 7206, supra. See Articles 7198, 7211, 7212, 7356, et seq., Vernon's Civil Statutes.

Article 7206 provides that the commissioners court shall sit as a board of equalization and is to receive all the assess-ment lists or books of the assessors of their counties for inspection, correction or equalization and approval. Thereafter, said Article, supra, provides in part as follows:

> "1.  They shall cause the assessor to
> bring before them . . . all assessment
> lists, books, etc., for inspection, and
> see that every person has rendered his
> property at a fair market value, and
> shall have the power to send for persons,
> books, and papers, swear and qualify
> persons, to ascertain the value of such
> property, and to lower or raise the value
> on same.
> "2.  They shall have power to correct
> errors in assessments.
> "3.  * * *
> "4.  After they have inspected and
> equalized as nearly as possible, they
> shall approve said lists on books and
> return same to the assessors for making

up the general rolls, when said
board shall meet again and approve
the same if found correct.
"5.   * * *
"6.  The assessors of taxes shall furnish
said board . . . a certified list of names
of all persons who either refuse to swear
or to qualify or to have signed the oath
required by law, together with the assess-
ment of said person's property made by him
through other information; and said board
shall examine, equalize and correct assess-
ments so made by the assessor, and when so
revised, equalized and corrected, the same
shall be approved."

In the case of Harris County v. Bassett, 139 S.W.2d 180,
(Tex.Civ.App., 1940, writ of error refused) the Court, discuss-
ing Art. 7206, supra, as well as other statutes, said:

". . . the authorities are uniform in
holding that the Board of Equalization is
concerned only with the properties on the
rolls and with the correction of valuations
placed thereon by the Tax Assessor, and
that the board may not add to the rolls
property not entered, nor eliminate there-
from entries appearing thereon.
"It is further held that the powers of the
Board of Equalization to correct errors in
assessments extends to the correction of an
erroneous designation by the owner, to the
description of the property, and to valua-
tions placed on the rolls by the assessor
without authority, and that the adding to
or eliminating therefrom property appearing
on the rolls is not the correction of an
error within the purview of R.S.7206, and
is invalid if done without the taxpayers
consent. . . . (citing authorities). . . ."
(Emphasis Added.)

Furthermore, in the case of Rosch v. First Savings & Loan, 203 S.W.2d 1006, 1012 (Tex.Civ.App. 1947), the Court, discussing the powers of the county commissioners acting as the board of equalization, observed that the latter is given the power of reconsideration and revision of the tax assessor-collector's real property valuations.  The Court further said:

> "The jurisdiction of the Commissioners Court sitting as a board of equalization is fixed by Art. VIII, Sec. 18 of the Constitution, Vernon's Ann.St. . . It is conceded by all authorities that the Board of Equalization is without power to add to or take from the assessment rolls property placed thereon or found thereon, but its power is limited to matters affecting valuations." (Emphasis Added.)

In the case of Davis v. Burnett, 77 Tex.3, 13 S.W. 613 (1890), the Supreme Court was concerned with the question of whether the appellee would be entitled to a writ of injunction to prohibit the collection of an illegal tax.  The taxing authorities had assessed property that was tax exempt.  The appellant (tax authority) had urged the appellee had a remedy by application to the board of equalization, and that therefore he was not entitled to a writ of injunction.  That Court declared:

> "The function of the board of equalization is to correct errors in the valuation of property that has been properly assessed. It has *no power to add to the rolls property not previously assessed, or to take from them property which they embrace.*" (Emphasis Added.)

The above articles and the court interpretations placed thereon clearly define the scope of authority of the county commissioners court sitting as a board of equalization with respect to what matters may be brought before them for their consideration. It is the opinion of this office that such scope of authority does not include the power to decide whether property is exempt from taxation by the Constitution and Statutes.

If the county commissioners court, sitting as a board of equalization, does not have this authority, do the county commissioners functioning as a commissioners court have any control over assessments or exemptions therefrom made by the tax assessor and collector?

Art. V, Section 18 of the Texas Constitution provides that the County Commissioners Court shall exercise such powers and jurisdiction over all county business, as is conferred by the Constitution and laws of the State.  Pursuant thereto, the legislature enacted in the year 1905 Articles 7346 and 7347, Vernon's Civil Statutes, giving the county commissioners court certain authority to reconsider and revise the tax rolls.  Article 7346 prescribes, in part, as follows:

> "Whenever any commissioners court shall discover through notice from the tax collector or otherwise that any real property has been omitted from the tax rolls for any years since 1884, or shall find that any previous assessments on any real property for the years mentioned are invalid, or have been declared invalid for any reason by any district court in a suit to enforce collection of taxes on said properties, they may, at a meeting of the Court, order a list of such properties to be made . . . "
> (Emphasis Added.)

Art. 7347, provides, in part, that when the list referred to in Art. 7346 has been compiled,

> ". . . the commissioners court may, at any meeting, order a cancellation of such properties in said list that are known to have been previously assessed, but which assessments are found to be invalid and have not been cancelled by any former order of the commissioners court, or by decree of any district court; and shall then refer such list of properties to be assessed or re-assessed

> to the tax assessor who shall proceed at once to
> make an assessment of all said properties, from
> the data given by said list . . . and when com-
> pleted shall submit the same to the commission-
> ers court, who shall pass upon the valuations
> fixed by him; and, when approved as to the
> values, shall cause the taxes to be computed
> and extended at the tax rate in effect for
> each separate year mentioned in said list;. . .
> (Emphasis Added.)

These statutes speak of those situations where the
commissioners court "shall discover" or "shall find" that real
property has been omitted from the tax rolls or a previous
assessment thereon is invalid. In such instances, it becomes the
duty of the commissioners court to make a list of said properties
and refer said list to the tax assessor to be properly assessed or
reassessed.

In Couch v Earnest, 62 S.W.2d 988, 991 (Tex.Civ.App. 1933,
error dism.), the San Antonio Court of Civil Appeals declared that
". . . The tax roll of a county is not like the law of the Medes
and Persians, irrevocable and unchangeable. When property is
found to have been omitted from the rolls, it is the right and the
bounden duty of the commissioners court to have a corrected roll
prepared. . . ." (Emphasis Added.)

It is our view that Articles 7346 and 7347 expressly
authorize the commissioners court, in its discretion, to inquire
into real property assessments and any and all exemptions there-
from made by the tax assessor and to declare the same to be invalid
for any reason (including the matter of exemptions); and should the
commissioners court decide an assessment is invalid, they have the
authority to strike said assessment from the tax rolls. This
position is supported by prior opinions from this office. See
Att'y. Gen. Opinion Nos. O-7251 (1946), V-973 (1949), and M-321
(1968). If the real property is not assessed because found to be
exempt by the assessor, who omits the property from the tax rolls,
the commissioners court may, at any meeting of the court, determine
that the property is not exempt and order that such property be
listed on the tax rolls and assessed. If that real property is
assessed because found not to be exempt by the assessor, who lists
the property on the tax rolls, the commissioners court may, at any

meeting of the court, declare the assessment invalid and order the same to be cancelled from the tax rolls. Thus, the county commissioners court functions here as the general governing body of the county, and exercising administrative and quasi-judicial functions, as contemplated and authorized by Article V, Section 18, Constitution of Texas, and the cited statutes enacted **pursuant** thereto.

This opinion should not be interpreted as saying or implying that the county commissioners court is necessarily required to review all tax assessments or exemptions therefrom, or that action by that authority is a condition precedent to the maintenance of an action in Court concerning invalid assessments or tax exempt properties. The commissioners' court's jurisdiction and duty is invoked only when it shall discover through notice that real property has been omitted from the tax rolls, or shall find any previous assessments to be invalid, or to have been declared invalid for any reason by any district court, as expressly set out in Article 7346.

## SUMMARY

It is the opinion of this office that the administrative responsibility of deciding whether property is exempt from taxation by the Constitution and Statutes of Texas is vested with the county tax assessor and collector, and the county commissioners, functioning as a county commissioners court, has the authority to reconsider and revise his decisions with reference to all real property; the county commissioners court, sitting as a board of equalization, has no authority, expressly or impliedly, to consider questions relating to tax exemptions, but its authority is limited to matters affecting valuations.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

-1612-

Prepared by Edward H. Esquivel
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Kerns Taylor, Chairman
Bill Allen
John Reeves
James McCoy
Alfred Walker
Gabriel Gutierrez

HAWTHORNE PHILLIPS
EXECUTIVE ASSISTANT